[Civ. No. 35015. Second Dist., Div. Three. July 23, 1970.]

In re DANIEL LAWRENCE HENLEY, a Person Coming Under the Juvenile Court Law.
LELAND C. CARTER, as Probation Officer, etc., Plaintiff and Respondent, v.
DANIEL LAWRENCE HENLEY, Defendant and Appellant.

[Civ. No. 35016. Second Dist., Div. Three. July 23, 1970.]

In re GARY RICHARD STARK, a Person Coming Under the Juvenile Court Law.
LELAND C. CARTER, as Probation Officer, etc., Plaintiff and Respondent, v.
GARY RICHARD STARK, Defendant and Appellant.

(Two Cases.)

## Counsel

Richard S. Buckley, Public Defender, James L. McCormick, Kathryn J. McDonald and Paul T. Locke, Deputy Public Defenders, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Diana C. Woodward, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**ALLPORT, J.**—On August 2, 1968, petitions were filed in the juvenile court alleging that appellants Gary Richard Stark and Daniel Lawrence Henley, both minors, came within the provisions of Welfare and Institutions Code section 602.[1] The petition against Stark alleged violations of Penal Code section 245 (assault by means of force likely to produce great bodily injury) (pars. I and II); Whittier City Ordinance 4260.10 (curfew) (par. III); and Whittier City Ordinance 7300.3 (loitering in park during prohibited hours) (par. IV). The petition against Henley alleged violations of Penal Code section 245 (assault by means of force likely to produce great bodily injury) (pars. I and II); Penal Code section 148 (resisting arrest) (par. III); Whittier City Ordinance 4260.10 (curfew) (par. IV); and Whittier City Ordinance 7300.3 (loitering in park during prohibited hours (par. V). Paragraph I of both petitions was amended on August 30 to allege a violation of Penal Code section 242 (battery), rather than of section 245.

On August 29 and 30 and September 6 a hearing was conducted before

[1]Welfare and Institutions Code, section 602 reads: "Any person under the age of 21 years who violates any law of this State or of the United States or any ordinance of any city or county of this State defining crime . . . is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

a referee of the juvenile court. The referee found that the allegations of the first two paragraphs of both petitions were not true, that the remaining allegations were true, and that both minors came within the provisions of section 602 of the Welfare and Institutions Code.

A rehearing of the case was ordered by the Honorable A. J. McCourtney, judge of the juvenile court, on October 1. The order was made on the court's own motion, under the authority of Welfare and Institutions Code section 559.[2] Motions to rescind the order for rehearing were denied, and pleas of "former judgment of conviction and acquittal of the offenses charged and once in jeopardy" were rejected. The rehearing, an adjudication de novo of the issues, was held on November 6, 7, 8, 12, and 13 before the Honorable Sherman W. Smith, sitting as judge of the juvenile court. By order of November 13 all the paragraphs of the petition as originally filed August 2 and as amended November 6 (the amendments of August 30 having been deleted) were found to be true. By order of December 4 minors were declared wards of the court, placed on probation, and ordered to pay restitution of $60 per month. This appeal is from the judgments and the orders of November 13 and December 4.

### Discussion

On appeal minors raise two contentions: (1) it was a violation of the double jeopardy provisions of the United States and California Constitutions for the juvenile court to determine, in de novo proceedings, issues of guilt or innocence already adjudicated by another tribunal; and (2) the order for rehearing was void because made after expiration of the statutory time period. We shall discuss the latter contention first.

Welfare and Institutions Code section 556 provides in pertinent part as follows: "In a case in which an order of a referee becomes effective without approval of a judge of the juvenile court, it becomes final on the expiration of the time allowed by Section 558 for application for rehearing, if application therefor is not made within such time and if the judge of the juvenile court has not within such time ordered a rehearing pursuant to Section 559." The time allowed by section 558 for application for rehearing is "10 days after service of a written copy of the order and findings of a referee. . . ." "Service" is required by section 554, which provides that "[a] referee shall promptly furnish to the presiding judge of the juvenile court and the minor, if the minor is 14 or more years of age . . ., and shall serve upon the minor's attorney of record and the minor's parent or guardian or adult relative a written copy of his findings and order . . . ."

---

[2]Welfare and Institutions Code, section 559 reads: "A judge of the juvenile court may, on his own motion, order a rehearing of any matter heard before a referee."

■ The issue for consideration is whether the provision in section 556 rendering the order of the referee "final" 10 days after service of copies of such order deprives a juvenile court of jurisdiction to order a rehearing on its own motion following the end of that period. We believe that it does. As we perceive this provision of section 556, the order of the referee becomes final in the sense that it attains the full status and dignity of a judgment rendered and entered by the juvenile court itself and thereafter can be modified or set aside only by those means normally available to modify or set aside a judgment of the court, such as appeal (Welf. & Inst. Code, § 800) or the procedures outlined in sections 775 to 781 of the Welfare and Institutions Code. Under this construction of the statute, a juvenile court has authority to order a rehearing under section 559 only so long as the order of the referee occupies an inferior status, that is, only before it becomes final. After expiration of the statutory period, an order for rehearing is beyond the jurisdiction of the juvenile court and, therefore, void.

*In re Conley,* 244 Cal.App.2d 755 [53 Cal.Rptr. 321], relied upon by respondent, does not compel a contrary conclusion. *Conley* involved interpretation of Welfare and Institutions Code section 567, which provides that, if an application by a minor for rehearing of an order of a traffic hearing officer has not been acted upon within 10 days after such order, then the application is to be deemed denied. The record in *Conley* did not indicate when the application was made, but it did show that the order for rehearing was made after expiration of the 10-day period. The court said: "We are of the opinion, however, that the 10-day period provision of section 567 is not jurisdictional but procedural. Its purpose is to compel the juvenile court to act in any of the respects provided for in section 567 within the allotted time, and, in the event the motion or application is deemed denied by the judge's failure to act within such time, to set in motion the right to appeal from such denial as provided in section 800. . . . Suffice it to say, since the rehearing provided for in section 567 was in fact granted in the instant case, the intent and purpose of that section was satisfied. Moreover, it is not urged by appellant that any error was committed by the trial court with respect to the requirements of section 567." (244 Cal.App.2d at p. 759.)

Section 567, unlike section 556, does not specify that the effect of the delay is to render the judgment "final"; rather, like the last clause of section 558, it merely supplies a presumptive ruling in the absence of an express ruling by the court within a certain period of time. Moreover, the time limits in both sections 567 and 556 are designed to benefit the minor, both by restricting the period of uncertainty and by affording him the opportunity

to pursue further remedies after expiration of such period. In *Conley,* as was noted by the court, this intent and purpose was satisfied since the court took action favorable to the minor by granting the application. In this case, on the other hand, the statutory design would be frustrated by permitting the time for action unfavorable to the minor to be extended indefinitely (or, as respondent suggests, for a "reasonable time").

The record on appeal fails to reveal when the required service was made and thus is not sufficient to permit a determination by this court as to whether the order for rehearing was made within the statutory period. The only indication in the transcripts as to the date of service consists of unsworn statements by minors' trial counsel to the judge of the juvenile court. In addition, the superior court files in the cases of People v. Stark and People v. Henley, numbers 364277 and 364278, respectively, fail to reveal when service of the findings and order was made upon minors' parents and counsel or when copies were furnished to the minors. Since on September 11, 1968, a transcript of proceedings was ordered by the court, we assume that a copy of the order was furnished to the presiding judge of the court. The order for a rehearing was granted October 1. Since in view of this state of the record we are unable to decide the issue presented, it is necessary to remand the case for a hearing on the question of when service was made. If it is found by the court that service as defined in section 554 was made more than 10 days before the order for rehearing, then the judgment and all orders made in connection with the rehearing shall be vacated and the order of the referee dismissing both petitions as to paragraphs I and II shall be reinstated.

■   Since the trial court will, in the event that it finds the order for rehearing to have been timely, be confronted with the issues concerning double jeopardy raised by minors, we shall consider those issues at this time. Minors' argument regarding double jeopardy consists of two elements: first, that the constitutional protections against twice being placed in jeopardy for the same offense (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 13) apply to juvenile court proceedings such as those in the case at bar; second, that minors were placed in jeopardy, within the meaning of the constitutional provisions in question, at the proceedings before the referee. Because we must reject the second element of the argument, we find it unnecessary to consider the first.

The question of whether an adjudication hearing before a referee of the juvenile court places the minor in "jeopardy" so as to bar subsequent trials has already been decided by this court in the case of *In re Bradley,* 258 Cal.App.2d 253 [65 Cal.Rptr. 570]. In *Bradley* a petition was filed alleging

reckless driving which caused bodily injury. The matter was heard before a referee of the juvenile court, who determined that the allegations were not true and ordered dismissal of the petition. Ten days later a judge of the superior court, sitting as judge of the juvenile court, on his own motion set aside the order of dismissal and ordered a rehearing. The trial judge, after hearing the matter de novo, found the allegations to be true and rendered judgment declaring the minor to be a ward of the court. (258 Cal.App.2d at pp. 255-256.) On appeal the minor claimed, among other things, that the rehearing subjected him to double jeopardy. This court held as follows: "It has been said that ' "[J]eopardy attaches to a defendant when he is placed on trial before a court of competent jurisdiction upon a valid indictment or information before a jury duly impaneled and charged with his deliverance." ' (*Paulson* v. *Superior Court,* 58 Cal.2d 1, 5 [22 Cal.Rptr. 649, 372 P.2d 641]; *Mitchell* v. *Superior Court,* 207 Cal.App.2d 643, 648 [24 Cal.Rptr. 671].) In the case at bench the order of the referee dismissing the petition was a conditional order subject to be set aside by the judge of the juvenile court. It was not a final adjudication of acquittal by a court of competent jurisdiction, but in effect was subject to review and approval by such judge. Where the case has been heard in the first instance by a judge of the juvenile court the decision in such case is final and the law does not authorize the judge to order a rehearing on his own motion. Under these circumstances the final decision was that rendered by the judge upon the rehearing, as to which the minor is given the right of review upon appeal. The conditional nature of a referee's order, as provided by sections 555, 556, 557 and 559, constitutes a protection which benefits the minor as well as society. We find nothing in the applicable provisions of the Juvenile Court Law which offends the Fifth and Fourteenth Amendments to the United States Constitution or which offends article I, section 13, of the state Constitution." (258 Cal.App.2d at pp. 260-261.)

Minors attempt to distinguish *Bradley* from the instant case by pointing out that in *Bradley* the proceedings before the referee had been conducted perfunctorily and without the presence of a prosecuting attorney representing the state. However, the decision in that case did not rest upon such alleged defects in the first proceedings; the determinative factor, rather, was the limited nature of the powers of a referee. That factor was present, of course, in the instant case.

Minors also argue that *Bradley* has been undermined if not overruled by subsequent decisions of the California and United States Supreme Courts, particularly that of *In re Winship,* 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068], rejecting the "civil" label and the *parens patriae* doctrine as justifications for limiting procedural rights in juvenile cases. It is

possible that the alternative ground of decision in *Bradley*—that the constitutional prohibitions against double jeopardy are inapplicable to juvenile proceedings—might be affected by *Winship* and other, similar rulings. However, the ground upon which we rely—that minors were not in fact twice placed in jeopardy—is conceptually unrelated to the principles developed in those cases and thus has in no way been weakened by them.

A hearing in *Bradley* was denied by the California Supreme Court on March 20, 1968. In *Cole* v. *Rush,* 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137], the Supreme Court said: "Denial of a hearing is not the equivalent of express approval by this court but it has been said that 'The order of this court denying a petition for a transfer . . . after . . . decision of the district court of appeal may be taken as an approval of the conclusion there reached, but not necessarily of all of the reasoning contained in that opinion.' (*Eisenberg* v. *Superior Court* (1924) 193 Cal. 575, 578 [226 P. 617]; see also *People* v. *Rowland* (1937) 19 Cal.App.2d 540, 542 [55 P.2d 1333].)" (45 Cal.2d at p. 351, fn. 3.) (See also *DiGenova* v. *State Board of Education,* 57 Cal.2d 167, 178 [18 Cal.Rptr. 369, 367 P.2d 865].) Likewise, in *Housing Authority* v. *Peters,* 120 Cal.App.2d 615 [261 P.2d 561], it was said: "[W]hen the precise question of law has been decided by a District Court of Appeal and the Supreme Court has denied a hearing, such decision will be followed as settling the law in the absence of a later decision of the Supreme Court overruling or modifying the prior case. (Citations.)" (120 Cal.App.2d at p. 616.) (See 3 Witkin, Cal. Procedure (1954) Appeal, § 222, pp. 2437-2438.) *Bradley* stands, therefore, "as a decision of a court of last resort in this state, until and unless disapproved" by the Supreme Court of this state or of the United States (*Cole* v. *Rush, supra,* 45 Cal.2d 345, 351).

We note, finally, that, in the event that the trial court finds the order of October 1 to have been timely and thus the judgment upon rehearing is not vacated, then it will be necessary for the court also to resolve a discrepancy in the record. According to the minute order entered November 13, all the paragraphs of the petitions were found to be true. At page 711 of the reporter's transcript of the rehearing, however, the court stated that it found the allegations of paragraph III against Henley to be not true. Since the trial court is in a better position to clarify its ruling than is this court, we need not attempt to correct the record at this point under the rule of *People* v. *McKissack,* 259 Cal.App.2d 283, 288-289 [66 Cal.Rptr. 199].

The judgments and all orders appealed from are vacated for the sole purpose of permitting the trial court to hear and determine the issue of

when the required service was made and thereafter to take such further steps as are necessary and appropriate under this opinion.

Schweitzer, Acting P. J., and Cobey, J., concurred.

A petition for a rehearing was denied August 18, 1970.