[No. S056169. July 3, 1997.]

In re CLIFFORD C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
CLIFFORD C., Defendant and Appellant.

## COUNSEL

Stephanie Clarke, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan, David H. Rose, Ronald E. Niver and Bruce Ortega, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BROWN, J.—In this case, a juvenile court judge, acting on the judge's own motion, granted rehearing of a juvenile court referee's order. We must determine whether the juvenile court judge's rehearing order was timely.

Relying on Welfare and Institutions Code section 250,[1] the Court of Appeal concluded that the juvenile court referee's order had become final 10 calendar days after service of a written copy of the order and findings. The juvenile court judge granted rehearing on his own motion 18 *calendar* days after service. Therefore, the Court of Appeal held the judge's rehearing order was void for want of jurisdiction and reinstated the original order of the juvenile court referee. (See *In re Dennis B.* (1976) 18 Cal.3d 687, 690 [135 Cal.Rptr. 82, 557 P.2d 514].)

For the reasons discussed below, we conclude that the finality provisions of section 250 apply only to orders of a juvenile court referee that do not require the approval of a juvenile court judge in order to become effective. Orders requiring such approval, by contrast, do not become final until 10

[1]Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code and all further references to rules are to the California Rules of Court.

calendar days after service of a written copy of the juvenile court referee's order and findings *or* 20 judicial days after the hearing before the referee, *whichever is later.*

The dispositional order of the juvenile court referee at issue in this case required the approval of a juvenile court judge in order to become effective, and the judge granted rehearing on his own motion 14 *judicial* days after the hearing before the referee. Thus, the judge's rehearing order was timely. Accordingly, we reverse the judgment of the Court of Appeal and remand the case to that court for consideration of the remaining issues raised on appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 15, 1995,[2] pursuant to section 602, a juvenile wardship petition was filed in the Alameda County Superior Court alleging that Clifford C. (the minor) had committed the following felonies: carjacking with a related knife-use enhancement (count 1—Pen. Code, §§ 215, 12022, subd. (b)), robbery with a related knife-use enhancement (count 2—*id.*, §§ 211, 12022, subd. (b)), carjacking with a related firearm-use enhancement (count 3—*id.*, §§ 215, 12022.5), assault with a deadly weapon on a peace officer (count 4—*id.*, § 245, subd. (c)), and evading a peace officer (count 5—Veh. Code, § 2800.2). On June 27, the minor appeared before a juvenile court referee and admitted the allegations of counts 1 and 3, including the related enhancements. The juvenile court referee found these allegations to be true, and dismissed the remaining counts and enhancements.

At the ensuing August 2 dispositional hearing, the juvenile court referee committed the minor to Los Cerros, a youth camp. Two days later, on August 4, the juvenile court referee's dispositional order was approved by a juvenile court judge and was served on the parties. On August 15, the district attorney sent a letter to the juvenile court judge expressing disagreement with the disposition and requesting that the judge, on his own motion, grant rehearing of the referee's dispositional order. On August 22, the juvenile court judge granted rehearing. Subsequently, the judge committed the minor to the California Youth Authority for a maximum period of physical confinement of 21 years, not to extend beyond his 25th birthday.

The minor appealed, challenging the juvenile court judge's rehearing order on various statutory and constitutional grounds. The Court of Appeal did not resolve these claims but instead requested supplemental briefing on the issue of whether the judge's rehearing order was timely. After considering this supplemental briefing, the Court of Appeal concluded that the

---

[2]Unless otherwise indicated, all further references to dates are to the year 1995.

judge's rehearing order was untimely and, therefore, reinstated the original dispositional order of the juvenile court referee. We granted the Attorney General's petition for review.

## II. THE GOVERNING STATUTORY FRAMEWORK

Before beginning our analysis, it is helpful to review the statutory framework governing this matter. Section 247 provides for the appointment of juvenile court referees. Under section 248, a juvenile court referee "shall hear such cases as are assigned to him or her by the presiding judge of the juvenile court, with the same powers as a judge of the juvenile court, except that a referee shall not conduct any hearing to which the state or federal constitutional prohibitions against double jeopardy apply unless all of the parties thereto stipulate in writing that the referee may act in the capacity of a temporary judge."

Section 249 provides that "[n]o order of a referee removing a minor from his home shall become effective until expressly approved by a judge of the juvenile court." (See also rule 1417(b)(1) [establishing an approval period of two court days].) "[T]he requirement of approval by a juvenile court judge derives from the constitutional mandate that referees are restricted to performing 'subordinate judicial duties.' (Cal. Const., art. VI, § 22; see *In re Edgar M.* [(1975)] 14 Cal.3d [727,] 732 [122 Cal.Rptr. 574, 537 P.2d 406].) . . . [T]hat constitutional requirement is fully satisfied by obtaining the countersignature of a juvenile court judge, so long as opportunity to seek a full rehearing remains available on request." (*In re John H.* (1978) 21 Cal.3d 18, 26 [145 Cal.Rptr. 357, 577 P.2d 177].)

Section 250 states that "[e]xcept as provided in Section 251, all orders of a referee other than those specified in Section 249 shall become immediately effective, subject also to the right of review as hereinafter provided, and shall continue in full force and effect until vacated or modified upon rehearing by order of the judge of the juvenile court.[3] In a case in which an order of a referee becomes effective without approval of a judge of the juvenile court, it becomes final on the expiration of the time allowed by Section 252 for application for rehearing, if application therefor is not made within such time and if the judge of the juvenile court has not within such time ordered a rehearing pursuant to Section 253. [¶] Where a referee sits as

---

[3]Section 251 authorizes individual juvenile courts to "establish requirements that any or all orders of referees shall be expressly approved by a judge of the juvenile court before becoming effective."

a temporary judge, his or her orders become final in the same manner as orders made by a judge."[4]

Section 252, in turn, provides that "[a]t any time prior to the expiration of 10 days after service of a written copy of the order and findings of a referee, a minor or his parent or guardian may apply to the juvenile court for a rehearing. . . . If an application for rehearing is not granted, denied, or extended within 20 days following the date of its receipt, it shall be deemed granted. However, the court, for good cause, may extend such period beyond 20 days, but not in any event beyond 45 days, following the date of receipt of the application, at which time the application for rehearing shall be deemed granted unless it is denied within such period." (See also § 248.5 [requiring service within three judicial days].) Finally, section 253 states that "[a] judge of the juvenile court may, on his own motion made within 20 judicial days of the hearing before a referee, order a rehearing of any matter heard before a referee." ▪ Although there is no provision authorizing a petition for rehearing by the People, a juvenile court judge can consider an informal request to grant rehearing on the judge's own motion provided that a minor is given notice of the request and a reasonable opportunity to respond. (*In re Winnetka V.* (1980) 28 Cal.3d 587, 595 [169 Cal.Rptr. 713, 620 P.2d 163].) If a juvenile court judge grants rehearing of a matter heard before a juvenile court referee, the judge shall conduct the rehearing de novo. (§ 254.)

## III. DISCUSSION

▪ The Court of Appeal framed the issue presented as follows: "This case presents an apparent conflict between two provisions of the code regarding the finality of referee orders and time limitations for rehearings by the juvenile court. Section 250, read in conjunction with section 252, provides for the finality of referee orders 10 calendar days after *the date of service of the order*. Section 253 allows a juvenile court, on its own motion, to order a rehearing anytime within 20 judicial days of the *date of the hearing* before the referee. In the present case, the rehearing was ordered by the juvenile court, on its own motion, within the 20-day period allowed by section 253 but after the 10-day period prescribed by section 250." (Original italics.) The Court of Appeal resolved "the apparent irreconcilable conflict

---

[4]In the Court of Appeal, the minor argued that the juvenile court referee in this case had acted in the capacity of a temporary judge and, hence, that her orders were not subject to rehearing by a juvenile court judge at all. (See *In re Mark L.* (1983) 34 Cal.3d 171, 178 [193 Cal.Rptr. 165, 666 P.2d 22].) The Court of Appeal declined to resolve this issue, proceeding on the assumption that the juvenile court referee had acted in the capacity of a referee. Since the parties have not raised the issue in this court, we too presume that the juvenile court referee acted in the capacity of a referee and not in the capacity of a temporary judge.

between the time periods specified in sections 250 and 253" in favor of section 250.

In reaching this resolution, the Court of Appeal relied primarily on *In re Henley* (1970) 9 Cal.App.3d 924 [88 Cal.Rptr. 458] (hereafter *Henley*). In *Henley*, a juvenile court judge, acting on the judge's own motion, granted rehearing of a matter that had previously been heard before a juvenile court referee. (*Id.* at p. 927.) At the time, former section 556, the predecessor to section 250, provided that " '[i]n a case in which an order of a referee becomes effective without approval of a judge of the juvenile court, it becomes final on the expiration of the time allowed by [former] Section 558 for application for rehearing, if application therefor is not made within such time and if the judge of the juvenile court has not within such time ordered a rehearing pursuant to [former] Section 559.' " (*Henley, supra,* 9 Cal.App.3d at p. 927.) The time allowed by former section 558, the predecessor to section 252, for an application for rehearing was " '10 days after service of a written copy of the order and findings of a referee. . . .' " (*Henley, supra,* 9 Cal.App.3d at p. 927.) Former section 559, the predecessor to section 253, provided that " '[a] judge of the juvenile court may, on his own motion, order a rehearing of any matter heard before a referee.' " (*Henley, supra,* 9 Cal.App.3d at p. 927, fn. 2.)

On appeal, the *Henley* court considered a claim that "the order for rehearing was void because made after expiration of the statutory time period." (*Henley, supra,* 9 Cal.App.3d at p. 927.) Although the court ultimately concluded that it would be necessary to remand for certain factual determinations, it described the governing legal principles as follows: "The issue for consideration is whether the provision in [former] section 556 rendering the order of the referee 'final' 10 days after service of copies of such order deprives a juvenile court of jurisdiction to order a rehearing on its own motion following the end of that period. We believe that it does. As we perceive this provision of [former] section 556, the order of the referee becomes final in the sense that it attains the full status and dignity of a judgment rendered and entered by the juvenile court itself and thereafter can be modified or set aside only by those means normally available to modify or set aside a judgment of the court, such as appeal . . . . Under this construction of the statute, a juvenile court has authority to order a rehearing under [former] section 559 only so long as the order of the referee occupies an inferior status, that is, only before it becomes final. After expiration of the statutory period, an order for rehearing is beyond the jurisdiction of the juvenile court and, therefore, void." (*Henley, supra,* 9 Cal.App.3d at p. 928.)

Approximately 13 months after *Henley* was decided, former section 559 (now § 253) was amended to provide that "[a] judge of the juvenile court

may, on his own motion *made within 20 judicial days of the hearing before a referee*, order a rehearing of any matter heard before a referee." (Stats. 1971, ch. 698, § 2, p. 1356, italics added.) The Attorney General maintains that the addition of the italicized language to former section 559 was intended to overrule *Henley*. The Court of Appeal rejected this argument, noting that "it is contradicted by the fact that *Henley* involved an interpretation of the predecessor statute to section 250, which has not been amended, not the predecessor statute to section 253, which was amended."

While we agree that the Legislature has not amended section 250 so as to overrule *Henley*, we cannot agree with the Court of Appeal's conclusion that section 250, as construed in *Henley*, poses an "irreconcilable conflict" with section 253. In fact, in 1976, the Legislature *simultaneously* enacted *both* section 250 *and* section 253. (See Stats. 1976, ch. 1068, § 4, pp. 4751-4753; *id.*, § 17, p. 4781 [recodifying former sections 556 and 559].) ██ "Well-established principles, applicable both to statutes and constitutional provisions, . . . require that in the absence of irreconcilable conflict among their various parts, they must be harmonized and construed to give effect to all parts. [Citations.]" (*Legislature* v. *Deukmejian* (1983) 34 Cal.3d 658, 676 [194 Cal.Rptr. 781, 669 P.2d 17].)

██ A close examination of the language of sections 250 and 253 reveals that there is no "irreconcilable conflict" between the two provisions and that they can readily be harmonized. By their express terms, the finality provisions of section 250 apply only "[i]n a case in which an order of a referee becomes effective *without approval of a judge of the juvenile court*." (See *ante*, at p. 1089, italics added.) Not all orders of a juvenile court referee fall within this category. For example, under section 249, orders of a juvenile court referee removing a minor from his or her home do not "become effective *until expressly approved by a judge of the juvenile court*." (See *ante*, at p. 1089, italics added.) Similarly, under section 251, individual juvenile courts can "establish requirements that any or all orders of referees *shall be expressly approved by a judge of the juvenile court before becoming effective*." (See *ante*, at p. 1089, fn. 3, italics added.)

The Legislature has failed to provide a comparable express finality provision governing orders of a juvenile court referee that require the approval of a juvenile court judge in order to become effective. As a practical matter, however, such orders become final once the time periods during which a juvenile court judge may grant rehearing have expired. (See §§ 395,

800, subd. (a).)[5] The Legislature has provided for two types of rehearing, each with its own time frame. First, under section 252, a minor or the minor's parent or guardian may petition for rehearing "[a]t any time prior to the expiration of 10 days after service of a written copy of the order and findings of a referee . . . ." (See *ante*, at p. 1090.) If a timely petition is filed, the time for granting rehearing is extended as provided in that section. (*Ibid.*) Second, under section 253, a juvenile court judge may grant rehearing on the judge's own motion "within 20 judicial days of the hearing before a referee." (See *ante*, at p. 1090.)

■ In order to effectuate the entire statutory scheme enacted by our Legislature, we harmonize sections 250 and 253 as follows: Under the express language of section 250, where an order of a juvenile court referee does not require the approval of a juvenile court judge in order to become effective, it becomes final 10 calendar days after service of a written copy of the referee's order and findings. (See §§ 250, 252.) Prior to finality, a minor or the minor's parent or guardian may petition for rehearing under section 252, thereby extending the finality period as provided in that section. (See *ante*, at p. 1090.) In addition, prior to finality, a juvenile court judge may grant rehearing on the judge's own motion under section 253, provided that the time period provided in that section has not yet expired. (See *ante*, at p. 1090.)

■ Where an order of a juvenile court referee requires the approval of a juvenile court judge in order to become effective, it becomes final 10 calendar days after service of a written copy of the referee's order and findings *or* 20 judicial days after the hearing before the referee, *whichever is later*. (See §§ 252, 253.) During the former period, a minor or the minor's parent or guardian may petition for rehearing under section 252, thereby extending the finality period as provided in that section. (See *ante*, at p. 1090.) During the latter period, a juvenile court judge may grant rehearing on the judge's own motion under section 253. (See *ante*, at p. 1090.)[6]

The Court of Appeal eschewed the opportunity to reconcile sections 250 and 253 by relying on rule 1417(c), which provides that "[a]n order of a

[5]Both section 395 (governing juvenile dependency proceedings) and section 800, subdivision (a) (governing juvenile wardship proceedings) provide as follows: "A judgment or subsequent order entered by a referee shall become appealable whenever proceedings pursuant to Section 252, 253, or 254 have become completed or, if proceedings pursuant to Section 252, 253, or 254 are not initiated, when the time for initiating the proceedings has expired."

[6]As the minor forthrightly acknowledges, prior case law—including *Henley*—does not address the distinction between orders of a juvenile court referee that require the approval of a juvenile court judge in order to become effective and those that do not, and, hence, is not dispositive here. (See *People* v. *Superior Court* (*Marks*) (1991) 1 Cal.4th 56, 65-66 [2 Cal.Rptr.2d 389, 820 P.2d 613] [" 'Language used in any opinion is of course to be

referee shall become final 10 calendar days after service of a copy of the order and findings . . . if an application for rehearing has not been made within that time or if the judge of the juvenile court has not within the 10 days ordered a rehearing on the judge's own motion under rule 1418." We cannot construe rule 1417(c) to encompass orders requiring the approval of a juvenile court judge in order to become effective. To do so would be inconsistent with the governing statutory framework, which clearly excludes such orders from the scope of section 250. (See *In re Richard S.* (1991) 54 Cal.3d 857, 863 [2 Cal.Rptr.2d 2, 819 P.2d 843].)

We also disagree with the Court of Appeal's conclusion that "[i]t would be illogical to assume there was any legislative intent to provide a longer period of time in a case, such as the present one, where the judge had *already approved* the referee's order." (Italics added.) As a preliminary matter, the requirement that an order of a juvenile court referee be approved by a juvenile court judge does not reflect the judge's approval of the substantive merits of the referee's order. To the contrary, the approval requirement "was intended only as a requirement that the referee's order be 'countersigned' by a juvenile court judge, thereby attesting to the authenticity of the order. [Citation.]" (*In re John H., supra,* 21 Cal.3d at p. 26.) Moreover, there is a perfectly logical reason why the Legislature would want to provide what is often a longer finality period for orders of a juvenile court referee requiring the approval of a juvenile court judge in order to become effective—such orders tend to be much more serious in nature. (See § 249, *ante,* at p. 1089 [approval required for orders of a juvenile court referee removing a minor from his or her home].) A longer finality period provides more of an opportunity for a juvenile court judge to review these more serious orders.

The application of our holding to the instant case is straightforward. In this case, the order of the juvenile court referee removed the minor from his home and, hence, required the approval of a juvenile court judge in order to become effective. (§ 249.) Under these circumstances, the order did not become final until *the later of* 10 calendar days after service of a written copy of the juvenile court referee's order and findings *or* 20 judicial days after the hearing before the referee. Since the judge granted rehearing on his own motion 14 judicial days after the hearing before the referee, the judge's rehearing order was timely.

understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered. [Citation.]' [Citations.]".)

## IV.  DISPOSITION

For the reasons discussed above, we reverse the judgment of the Court of Appeal and remand the case to that court for consideration of the remaining issues raised on appeal.

George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J., and Chin, J., concurred.