[No. C041290. Third Dist. Nov. 26, 2002.]

In re I.S., a Person Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
GLENDA S., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

 \*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for
publication with the exception of parts I and III.

## COUNSEL

Janet H. Saalfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Robert A. Ryan, Jr., County Counsel, and Lilly Frawley, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**HULL, J.**—Glenda S., mother of the minor, appeals from orders terminating her parental rights (Welf. & Inst. Code, §§ 366.26, 395; further undesignated statutory references are to the Welfare and Institutions Code.) Appellant contends there was insufficient evidence to support the juvenile court's finding that the minor was likely to be adopted; all orders following the dispositional order were void for failure to comply with section 249; and the

record lacks evidence to support the juvenile court's finding that she was properly noticed of the section 366.26 hearing. We affirm the judgment (orders).

## FACTS AND PROCEDURAL HISTORY

On May 9, 2001, the Sacramento County Department of Health and Human Services (DHHS) filed a petition, alleging among other things that both appellant and the minor tested positive for cocaine when the minor was born. The petition also alleged that appellant had previously given birth to a child who tested positive for drugs. At the time of the section 366.26 hearing, that minor was in the custody of the maternal grandmother under a guardianship.

At the detention hearing held on May 10, 2001, the juvenile court ordered that the infant minor be removed from appellant's home and detained in the custody of the DHHS. Appellant was present at the detention hearing, and a juvenile court judge later approved the detention order. A copy of the order was sent to appellant at the address she subsequently identified as her permanent mailing address and which was also the address of the maternal grandmother.

Appellant attended the jurisdictional/dispositional hearing in August 2001, at which time the referee found the allegations of the petition true and ordered reunification services for appellant. The referee found that there would be a substantial danger to the minor's physical health if returned to appellant's home, and he ordered the minor committed to the care, custody, and control of DHHS for placement.

The notice of the six-month review hearing, which reflected a change from reunification to adoption, was sent to appellant's permanent address, and appellant was present for the review hearing at which the court set a contested hearing for February 2002. Appellant did not attend the contested hearing at which the court terminated services and set a section 366.26 hearing.

In May, appellant was personally served with notice of the hearing on the selection of a permanent plan at the correct address she gave previously as her permanent mailing address. A copy of the proof of personal service appears in the record, although a copy of the actual notice does not. The maternal grandmother, who is guardian for the minor's sibling, was sent notice by mail at the same address. A copy of an order confirming the date of the section 366.26 hearing was sent to appellant at her correct address.

The assessment for the section 366.26 hearing stated that, although the minor was one year old and small for his age, he was in good health with no

developmental delays, and no emotional or behavioral problems. According to the assessment, the minor's current caretakers wanted to adopt him, and in the social worker's opinion the minor was generally adoptable.

DHHS filed a supplemental assessment to report the results of a developmental assessment examination performed at the University of California Davis Medical Center. The examiner found that the minor was physically normal, and found his motor and cognitive development to be normal as well. The examiner reported that the minor continued to have difficulty tolerating normal quantities of food without vomiting, possibly due to gastroesophageal reflux. Further, based on reports of his foster mother, the examiner thought the minor might be suffering from atonic seizures. The examiner planned to do an EEG and wanted a consultation with a nutritionist.

Appellant did not appear at the section 366.26 hearing. Appellant's counsel did not raise any notice issues but objected to termination of parental rights. The court terminated parental rights, finding the minor was likely to be adopted.

## Discussion

### I

### *Likelihood of Adoption\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

### *Order of Removal*

 Appellant contends that the termination of her parental rights must be reversed because the referee's order removing the minor from the home, which appellant identifies as the dispositional order, was never approved by a judge, as required by section 249.

Section 249, states: "No order of a referee removing a minor from his home shall become effective until expressly approved by a judge." The time for such approval is set by California Rules of Court, rule 1417(b) which states: "The following orders made by a referee shall not become effective unless expressly approved by a juvenile court judge within two court days: [¶] (1) Any order removing a child from the physical custody of the person legally entitled to custody . . . ."

---

*See footnote, *ante,* page 1193.

Appellant asserts that only the dispositional order qualifies as an order "removing [the] minor from his home." This is inaccurate. The first order removing the minor from his home in this case was the detention order. That order was approved by a judge. Once the order was made and approved, the minor's parents were not legally entitled to his physical custody until the court made another order returning the minor to their home. The dispositional order continued the previous removal, the court finding that it would be detrimental to the minor *to return* him to appellant's custody. Thus, the dispositional order in this case, which committed the minor to the care, custody, and control of DHHS for suitable placement, was not an order removing the minor from his home and did not have to be approved by a judge of the juvenile court.

Appellant cites various authorities for the proposition that the dispositional hearing, not the detention hearing, is the first order removing the minor from the home, and thus the dispositional order is subject to judicial approval if made by a referee. However with one exception, the cases cited either do not contain sufficient facts to determine whether the minor was removed prior to the dispositional hearing or do not squarely address the question at issue here. (*In re Clifford C.* (1997) 15 Cal.4th 1085 [64 Cal.Rptr.2d 873, 938 P.2d 932] [court stated the dispositional order "in this case" required § 249 approval; facts were unclear on when the minor was removed from the home; issue related to finality of referee orders and timing of rehearing]; *San Diego County Dept. of Social Services v. Superior Court* (1996) 13 Cal.4th 882 [55 Cal.Rptr.2d 396, 919 P.2d 1329] [mentions removal from the home, but because case interprets Cal. Rules of Court, rule 1466, § 249 was not at issue]; *In re Stephanie M.* (1994) 7 Cal.4th 295 [27 Cal.Rptr.2d 595, 867 P.2d 706] [Uniform Child Custody Jurisdiction Act case, application of § 249 not an issue]; *In re Marilyn H.* (1993) 5 Cal.4th 295 [19 Cal.Rptr.2d 544, 851 P.2d 826] [holds that return of minor is not at issue in § 366.26 hearing; mentions removal from the home only in the context of overview of dependency process]; *In re Matthew C.* (1993) 6 Cal.4th 386 [24 Cal.Rptr.2d 765, 862 P.2d 765] [deals with § 366.26 issues and does not discuss applicability of § 249 to detention hearings]; *In re John H.* (1978) 21 Cal.3d 18 [145 Cal.Rptr. 357, 577 P.2d 177] [facts of removal unclear, issue was whether review or rehearing required for approval]; *In re Marcus G.* (1999) 73 Cal.App.4th 1008 [87 Cal.Rptr.2d 84] [issue was whether termination of a dependency or detention in delinquency proceeding constituted removal from home; § 249 applies to orders removing minor from physical custody of parents; where removal occurred years before, order terminating dependency is not subject to its terms]; *In re Joel T.* (1999) 70 Cal.App.4th 263 [82 Cal.Rptr.2d 538] [dealt with question of services after removal on a supplemental petition]; *In re Paul E.* (1995) 39 Cal.App.4th 996 [46 Cal.Rptr.2d 289] [dealt with the degree of proof

required for removal on a supplemental petition].) ▪ " 'It is axiomatic that cases are not authority for propositions not considered.' " (*In re Marriage of Cornejo* (1996) 13 Cal.4th 381, 388 [53 Cal.Rptr.2d 81, 916 P.2d 476].)

▪ *In re Edgar M.* (1975) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406], cited by appellant, addresses the applicability of section 555 (now and hereafter referred to as section 249) at a dispositional hearing in a delinquency case where the facts are clear. In that case, the minor had been removed from the home at detention, *returned* to his parents and then removed again at the dispositional hearing. (*In re Edgar M., supra,* at p. 731.) The court carefully limited its discussion of the applicability of section 249 to the removal at the dispositional hearing, noting that the validity of the earlier temporary detention order at the detention hearing was not at issue in the present appeal. (*In re Edgar M., supra,* at p. 738.) The opinion thus does no more than apply the terms of the statute to a hearing at which a removal from the home in fact occurred. It does not hold that section 249 is limited to dispositional hearings; that issue was not before the court.

It is true that the language used in various cases may lack precision in distinguishing between the physical removal of the minor from the home and the rearranging of the legal status of minor from parental to departmental care, custody, and control. (See, e.g., *San Diego County Dept. of Social Services v. Superior Court, supra,* 13 Cal.4th at p. 884; *In re Marilyn H., supra,* 5 Cal.4th at p. 302; *In re Joel T., supra,* 70 Cal.App.4th at p. 268.) However, the lack of precision, particularly where the interpretation of section 249 is not at issue, does not introduce a limitation into the statute that the Legislature did not originally put there. Section 249 applies to any hearing at which the minor is removed from the home, whether that hearing is a detention or dispositional hearing, or a hearing on a section 387 petition. If the Legislature had intended section 249 to apply to dispositional hearings, whether or not the minor had been lawfully removed from his parent's custody at a prior proceeding, it would have said so.

Likewise, we are not persuaded by the assertion that the detention hearing results in a mere temporary removal at a hearing that applies only a prima facie standard of proof and is less critical to the proceedings than a dispositional hearing where clear and convincing evidence is required. A removal at a dispositional hearing, although on stronger evidence, is no more permanent. The mechanism of return after the detention and dispositional hearings may differ, i.e., failure to prove jurisdictional facts for the former and success in reunification programs for the latter, but at the outset neither removal is *intended* to be permanent. Indeed, the only permanent removal of a minor occurs when parental rights are terminated and all opportunity for the minor's return is lost. It is the importance of the act of removal from the

home and whether the dislocation of the family and potential harm to the minor from being taken from his or her family is justified in a particular case that is the triggering event under the statute. The rule requires judicial approval of that act of the referee. Procedural considerations, burdens of proof, and mechanisms of return do not change the intent of the rule.

While we do not question the pivotal nature and importance of the dispositional hearing in the dependency proceeding, the importance of the removal order, *whenever it occurs*, is a distinct matter. Here, we are dealing only with the limitation on the referee, expressed in section 249, in removing the minor from the home. In this case, that removal occurred at the detention hearing and the order made by the referee was properly approved by a judge.

### III

*Notice of Section 366.26 Hearing\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### Disposition

The orders of the juvenile court are affirmed.

Davis, Acting P. J., and Kolkey, J., concurred.

A petition for a rehearing was denied December 23, 2002, and appellant's petition for review by the Supreme Court was denied February 11, 2003.

---

\*See footnote, *ante*, page 1193.