47 Cal.Rptr.3d 115 (2006)
141 Cal.App.4th 1411
In re B.A. et al., Persons Coming Under the Juvenile Court Law.
Los Angeles County Department of Children and Family Services, Plaintiff and Respondent,
v.
Mohamed A., Defendant and Appellant.
Nos. B187208, B187209.
Court of Appeal of California, Second District, Division Five.
August 9, 2006.
John L. Dodd & Associates and Lisa A. DiGrazia, under appointment by the Court of Appeal, Tustin, for Defendant and Appellant.
Raymond G. Fortner, Jr., County Counsel, Larry Cory, Assistant County Counsel and Jerry M. Curtis, Deputy County Counsel, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
KRIEGLER, J.
After a juvenile court referee declared two children dependents of the court, a juvenile court judge denied their father's *116 applications for rehearing by signing and dating a denial order on the face of each application on the 20th day after the applications were filed. As to one child, no minute order was prepared by the clerk to document the denial of the rehearing application; as to the second child, a minute order was prepared but was dated more than 20 days after the rehearing application was filed. In the published portion of this opinion, we hold that the juvenile court judge's handwritten orders denying the applications for rehearing within 20 days of filing satisfied the timeliness requirements of Welfare and Institutions Code[1] section 252. We further hold the clerk's failure to prepare a minute order as to one child and the preparation of a minute order beyond the 20-day period as to the second child did not result in rehearing being granted as a matter of law.[2]
B.A. and Sandra A. (the children) were declared dependents of the court[3] under section 300 by a referee of the juvenile court not sitting as a temporary judge. Mohamed A. (father) applied for rehearing pursuant to section 252. Under section 252, an application for rehearing is deemed granted by operation of law if a superior court judge does not grant or deny the application, or find good cause to extend the time period, within 20 days after the application is filed. Section 252 further provides that the judge's decision shall be made in a written minute order with copies provided to the child or the child's parents and the attorney of record. Juvenile Court Judge Margaret S. Henry denied the applications by signing and dating her denial order on the face of each application on the 20th day. However, in B.A.'s case, no minute order was entered reflecting Judge Henry's decision. In Sandra's case, a minute order was not entered until the 23rd day. In this timely appeal, father argues he was entitled to rehearing as a matter of law because Judge Henry failed to rule on the applications within 20 days of filing and the clerk failed to enter minute orders as required by law. We affirm the judgment with modifications.

RELEVANT PROCEDURAL HISTORY
On September 12, 2005,[4] the children were declared dependents of the court by a juvenile court referee based on sustained allegations under section 300, subdivisions (b), (c), and (j)  risk of physical abuse due to failure to supervise adequately, serious emotional damage, and sibling abuse. The dependency court took custody of the children from father and ordered reunification services.
On September 13, copies of the minute orders in each case containing the referee's findings and orders of September 12, along with a written advisement of rights, were mailed to father's counsel. The minute order and advisement of rights in Sandra's case were mailed to father.
*117 Father filed applications for rehearing pursuant to section 252 on September 21. The 20-day period to rule under section 252 expired on October 11. (§ 252.)
On October 11, Judge Henry denied the applications for rehearing, by checking the "denied" box in the "order" section of the face of the applications. Judge Henry dated and signed these orders.
Minute orders in both cases were issued on October 14, 23 days after the applications for rehearing were filed. Separate October 14 minute orders as to each child stated: "Matter walked-on calendar by [the deputy clerk] for the sole purpose of transferring to Department 420 to address application for rehearing and order filed on 9/21/05." Judge Henry was sitting in Department 420. Also on October 14, a minute order was issued in Sandra's case with the notation, "pursuant to the order of Judge Margaret S. Henry, application for rehearing and order filed on 9/21/05 is denied." No minute order was prepared to reflect the denial of the rehearing as to B.A.
On November 7, father timely appealed the judgments of September 12 declaring the children dependents of the court. We granted father's motion to perfect the appeal to include appeal from the orders denying rehearing.

FACTS[**]

DISCUSSION

I

The Applications For Rehearing Were Timely and Effectively Denied
Father argues that his applications for rehearing of the referee's orders were granted by operation of law under section 252. Father makes two arguments in support of this position. First, he contends the rehearing applications were not denied within 20 days of their filing, because the minute orders filed October 14 demonstrate that the applications were not considered until 23 days after the applications were filed. Second, father argues that minute orders of the rulings were not filed in compliance with section 252, because no minute order was filed as to B.A. and the minute order as to Sandra was filed beyond the 20-day period. Finding no merit to the contentions, we hold that rehearings were timely and effectively denied.

A. Governing Statutory Framework
A juvenile court referee has the power to hear dependency cases assigned to him or her by the presiding judge of the juvenile court, with the same powers as a judge of the juvenile court. (§ 248.) "A referee shall . . . serve upon . . . the minor's parent . . . and the attorney of record for the minor's parent . . . a written copy of his or her findings and order and shall also furnish . . . to the parent . . ., with the findings and order, a written explanation of the right of such persons to seek review of the order by the juvenile court." (Ibid.)
Under section 248.5, "[a]ll written findings and orders of the court shall be served by the clerk of the court personally or by first-class mail within three judicial days of their issuance on . . . the parent or the parent's counsel. . . ." (See In re Clifford C. (1997) 15 Cal.4th 1085, 1090, 64 Cal.Rptr.2d 873, 938 P.2d 932 [referee's orders]; In re Jason J. (1991) 233 Cal. App.3d 710, 717, 284 Cal.Rptr. 673 [juvenile court judge's orders], disapproved on other grounds in People v. Welch (1993) 5 Cal.4th 228, 237, 19 Cal.Rptr.2d 520, 851 P.2d 802.) The operative date of a referee's *118 orders is set forth in section 250, which states that "[e]xcept as provided in Section 251, all orders of a referee other than those specified in Section 249 shall become immediately effective, subject also to the right of review as hereinafter provided, and shall continue in full force and effect until vacated or modified upon rehearing by order of the judge of the juvenile court. In a case in which an order of a referee becomes effective without approval of a judge of the juvenile court, it becomes final on the expiration of the time allowed by Section 252 for application for rehearing, if application therefor is not made within such time and if the judge of the juvenile court has not within such time ordered a rehearing pursuant to Section 253 [rehearing on judge's own motion]. [¶] Where a referee sits as a temporary judge, his or her orders become final in the same manner as orders made by a judge."
The right to apply for rehearing of a referee's order in a dependency action is found in section 252. Within ten days after service of a written copy of the order and findings of a referee in a dependency action, a minor or his parent may apply to the juvenile court for a rehearing. (§ 252.) A superior court judge must act on the application for rehearing within 20 days, by either granting or denying the application, or upon a finding of good cause, extending the period not beyond 45 days. "If an application for rehearing is not granted, denied, or extended within 20 days following the date of its receipt, it shall be deemed granted. However, the court, for good cause, may extend such period beyond 20 days, but not in any event beyond 45 days, following the date of receipt of the application, at which time the application for rehearing shall be deemed granted unless it is denied within such period. All decisions to grant or deny the application, or to extend the period, shall be expressly made in a written minute order with copies provided to the minor or his or her parent or guardian, and to the attorneys of record." (Ibid.)
Rule 1418(f) provides as follows: "If the judge of the juvenile court denies an application for rehearing directed in whole or in part to issues arising during a contested jurisdiction hearing, the judge shall advise, either orally or in writing, the child and the parent or guardian of all of the following: [¶] (1) The right of the child, parent, or guardian to appeal from the court's judgment; [¶] (2) The necessary steps and time for taking an appeal; [¶] (3) The right of an indigent appellant to have counsel appointed by the reviewing court; [¶] (4) The right of an indigent appellant to be provided a free copy of the transcript."

B. Rehearing was Timely Denied on October 11
Father argues that Judge Henry could not have made her rulings denying rehearing on October 11 because the minute orders dated October 14 demonstrate that the applications were not transferred to her for consideration until three days later. Father contends the minute orders show that the rehearing applications were first presented to Judge Henry on October 14, after the expiration of the 20-day period to rule, regardless of what is shown on the face of the application. We hold that Judge Henry's written orders denying rehearings prevail over the clerk's minute orders. The face of each application contains Judge Henry's signature on an order denying rehearing, dated October 11, the 20th day after the applications were filed. This was a timely denial within the meaning of section 252. The fact that the clerk prepared minute orders dated October 14 does not negate the fact that Judge Henry ruled on the rehearing applications on October 11. We have no difficulty holding *119 that Judge Henry's written order denying rehearing in a timely fashion on October 11 is the controlling document in assessing the timeliness of the superior court's ruling.

C. The Orders Denying Rehearing were Valid and Effective Notwithstanding the Clerk's Failure to Prepare Minute Orders Within 20 Days
Father also argues that a rehearing was granted by operation of law because a minute order reflecting denial of rehearing was not prepared within 20 days of the filing of the application under section 252. We reject father's construction of section 252.
"In interpreting a statute, we apply the usual rules of statutory construction. `We begin with the fundamental rule that our primary task is to determine the lawmakers' intent. [Citation.] . . . To determine intent, "`the court turns first to the words themselves for the answer.'" [Citations.] "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute). . . ."' [Citation.] We give the language of the statute its `usual, ordinary import and accord significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose. . . . Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent.'" (Kane v. Hurley (1994) 30 Cal.App.4th 859, 862, 35 Cal.Rptr.2d 809.)
Section 252 requires issuance of a minute order reflecting the juvenile court judge's ruling on the rehearing application. "All decisions to grant or deny the application, or to extend the period, shall be expressly made in a written minute order with copies provided to the minor or his or her parent or guardian, and to the attorneys of record." (Ibid.) This clear statutory language requiring issuance of a minute order does not require interpretation.
On the other hand, there is nothing in the language of section 252 requiring that the minute order be prepared within the same 20-day period during which the juvenile court must rule on the application for rehearing. To the contrary, section 252 is silent as to when the minute order must be prepared. Accordingly, we must address the issue of whether failure to prepare a minute order within 20 days of the filing of the application for rehearing as to Sandra  and the failure to prepare any minute order at all, as in the case of B.A.  requires a holding that rehearing was granted as a matter of law.
The answer to this issue is found in Government Code section 69844, which provides as follows: "The clerk of the superior court shall keep the minutes and other records of the court, entering at length within the time specified by law, or forthwith if no time is specified, any order, judgment, and decree of the court which is required to be entered and showing the date when each entry is made. Failure so to enter the date or failure to enter the order, judgment, or decree within the time specified in this section shall not affect the validity or effectiveness of the entry." "Clearly, under the language of section 69844 the clerk's failure to enter an order within the time specified by the court does not invalidate the effectiveness of its entry; such a failure is purely clerical error which courts have continuing power to correct. [Citations.]" (Desherow v. Rhodes (1969) 1 Cal.App.3d 733, 739, 82 Cal.Rptr. 138, disapproved on other grounds in Hollister *120 Convalescent Hospital, Inc. v. Rico (1975) 15 Cal.3d 660, 670-671, 125 Cal.Rptr. 757, 542 P.2d 1349.)
Applying Government Code section 69844 to section 252 leads to the conclusion that the clerk is required to prepare the minute order "forthwith," as no time period for entry of the minute order is set forth in section 252. However, the failure to enter a minute order "forthwith" reflecting a denial of rehearing, or even a complete failure to enter the order, does not "affect the validity or effectiveness" of Judge Henry's timely order denying rehearing. Rehearing by operation of law under section 252 is triggered by only one circumstance: failure to rule on the application or grant an extension within 20 days. The provision for preparation of a minute order contains no time limit, does not state that failure to prepare a minute order acts as a grant of rehearing by operation of law, and does not provide that failure to prepare a minute order of a ruling invalidates the ruling. In the context of a denial of a rehearing application, the failure to prepare a minute order "forthwith," or the complete failure to prepare any minute order at all, does not compel a finding that rehearing was granted by operation of law, provided the juvenile court judge's ruling was documented as it was here on the face of the application.
Even though the failure to prepare a minute order does not affect the validity of the order denying the rehearing application, the applicant has a right to notice of the ruling and of the right to appeal the dependency judgment following denial of rehearing. (§§ 248.5 [written orders shall be served within three days to parent or counsel], 252 [a copy of the minute order must be provided to the parent and parent's attorney]; rule 1418(f) [upon a denial of rehearing, the applicant must be advised of his right to appeal from the judgment of dependency and of the time within which a notice of appeal must be filed].) Notice to the applicant of the order denying rehearing and his appellate right protects the applicant's right to appeal.
In this case, father does not contend that he was not provided with notice of the rulings denying rehearing or of his right to appeal the judgments. Although the record does not contain proofs of service, nothing in the record indicates father was not provided with a copy of the face page of the rehearing applications with Judge Henry's denial orders stated thereon. "In the absence of an affirmative showing to the contrary, we presume that the juvenile court clerk performed the official duty to give notice." (In re Jason J., supra, 233 Cal.App.3d at p. 717, 284 Cal.Rptr. 673.) The Department of Children and Family Services does not contend the appeals are untimely. Thus, any violation of the procedural requirement that the ruling on a rehearing application be expressed in a minute order, a copy of which is provided to the applicant, could not have been prejudicial. (Cal. Const., art. VI, sec.13.)
The power to correct the records of the trial court "may be exercised regardless of the lapse of time. . . ." (Wilson v. Nichols (1942) 55 Cal.App.2d 678, 681, 131 P.2d 596.) Upon issuance of the remittitur in this appeal, the juvenile court shall issue an order directing entry of a minute order reflecting Judge Henry's denial of father's application of rehearing as to B.A., in conformity with section 252.

II[***]

DISPOSITION
The juvenile court is directed to order entry of a minute order reflecting denial of *121 father's application of rehearing as to B.A. in case No. CK59726. The words "[o]n numerous prior occasions" in the first sentence of count B-2 of the sustained petition in case No. CK59726 and the sustained petition in case No. CK59387 are stricken. As modified, the judgments are affirmed.
We concur: ARMSTRONG and MOSK, JJ.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Facts and Part II of the Discussion.
[1] All statutory references are to the Welfare and Institutions code, unless otherwise stated.
[2] In the unpublished portion of this opinion, we address the father's contention that substantial evidence does not support the finding the children are at risk of physical abuse, in that the father physically abused his adult daughter "on numerous prior occasions" when she was a child. We strike the language "on numerous prior occasions," because the record contains substantial evidence of only one instance of such abuse and conclude that, as modified, the sustained allegation is supported by substantial evidence.
[3] The children's cases were filed under separate case numbers but tried together. Father's motion for judicial notice of the juvenile court files is denied.
[4] All dates in this opinion are in 2005, unless specifically indicated otherwise.
[**] See footnote *, ante.
[***] See footnote *, ante.