OPINION
Lenora B., mother of the minors, appeals from the judgment entered by the juvenile court at the disposition hearing (Welf. *Page 896 
Inst. Code, §§ 360, 361; further undesignated statutory references are to this code). Appellant contends the court's order removing the minors from her custody but allowing them to remain with her in a "temporary placement" is invalid and the removal order is not supported by substantial evidence. We shall reverse the disposition orders and remand with directions to the juvenile court to hold a new disposition hearing.
 FACTS
A dependency petition filed in September 1996 sought to have the minors, ages three and five, declared dependents of the court under section 300, subdivisions (b) and (j). The petition alleged the minors' parents had substance abuse problems but had not rehabilitated themselves and thus were incapable of providing care and supervision for the minors. The petition further alleged the minors' father had sexually abused their half sister and that appellant knew of the abuse but failed to protect the child. The petition also alleged, as to Lorenzo A., that appellant failed to utilize resources to meet his special educational needs.
The detention report stated appellant had not made use of the services from Alta Regional Center for which Lorenzo, a Down's syndrome child, was eligible. The report recommended the minors be detained and placed with appellant temporarily until the jurisdiction hearing. At the detention hearing in September 1996, the court followed the recommendation, detaining the minors and placing them with appellant on the condition that their father leave the home and that appellant participate in services.
In a report prepared September 30, 1996, for a combined jurisdiction/disposition hearing, the social worker stated the court investigator had made weekly visits to the home and that appellant was compliant in attempting to access services, despite her transportation problems. Appellant had enrolled Lorenzo in preschool, scheduled an intake appointment at Alta Regional Center and registered for parenting classes. The minor's father had moved out. The report concluded that although the parents' previous behavior placed the minors at risk, the minors could safely remain in appellant's home. The report recommended the minors be adjudged dependents and be committed to the custody of the Department of Health and Human Services (DHHS) to be placed temporarily in appellant's home under DHHS supervision, that Lorenzo participate in Alta Regional services and attend school and that the parents comply with the case plan. The case plan required *Page 897 
appellant to submit to drug testing and to attend counseling for both child molestation issues and issues of child development and protection.
In an addendum to the report prepared January 21, 1997, the social worker stated appellant had provided 14 samples for testing, only 1 of which tested positive for drugs. The report stated appellant was not yet attending a parenting class, had not kept her appointment with Alta Regional Center and had not sent Lorenzo to school regularly due to her transportation and child care difficulties. The social worker had made efforts to resolve these problems and again recommended the minors be adjudged dependents, be committed to the custody of DHHS and placed in appellant's home with services provided to her.
At the combined jurisdictional/dispositional hearing, appellant argued the court should not find there would be a substantial risk of danger to the minors if placed in her home, but rather should declare a dependency with supervision and services from DHHS. The juvenile court followed the social worker's recommendation and declared the minors to be dependents in the care and custody of DHHS to be temporarily placed in appellant's home. In making this order, the court found "by clear and convincing evidence that there is a substantial danger to the children and their welfare, physical health or, would be if they are returned on a permanent basis to their mother, and there are no reasonable means by which their physical health can be protected without the removal from parental care and custody, and placement of the minors in the care and custody of the Department of Health and Human Services and temporarily residing in the home of their mother. . . ."
 DISCUSSION (1) Appellant contends the removal order is invalid as it is internally inconsistent, permits DHHS to circumvent the requirements of section 361 and constitutes improper delegation of the decision to remove the minors from the court to DHHS. We agree the order is invalid. A review of the statutory procedure for disposition of a dependent minor will illuminate the issue.
"After finding that a minor is a person described in Section 300, the court shall hear evidence on the question of the proper disposition to be made of the minor." (§ 358, subd. (a).) Upon considering that evidence, the court *Page 898 
may appoint a legal guardian, with or without adjudicating the minor a dependent; order services be provided to keep the family together without adjudicating the minor a dependent; or adjudge the minor to be a dependent of the court. (§ 360.)
When the court adjudges the minor a dependent, it "may limit the control to be exercised over the dependent child by any parent" and shall clearly specify those limitations in its orders. (§ 361, subd. (a).) However, the dependent child cannot be taken from the physical custody of its parents "unless the juvenile court finds clear and convincing evidence of . . . [¶] . . . a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor or would be if the minor was returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parents' . . . physical custody." (§ 361, subd. (b)(1).) If the court adjudges the minor a dependent and "orders that a parent or guardian shall retain custody of the minor subject to the supervision of the probation officer," the court shall require the parents "to participate in child welfare services or services provided by an appropriate agency designated by the court." (§ 362, subd. (b).)
When a juvenile court does order the minor removed from the physical custody of his or her parents, it first must determine whether there is a noncustodial parent "who desires to assume custody of the minor. . . . [and] shall place the minor with the parent unless it finds that placement with that parent would be detrimental to the . . . minor." (§ 361.2, subd. (a).) If, as here, there is not a noncustodial parent with whom the minors may be placed, "the court shall order the care, custody, control, and conduct of the minor to be under the supervision of the probation officer who may place the minor in any of the following: [¶] (1) The home of a relative, including a noncustodial parent. [¶] (2) A foster home in which the child has been placed before an interruption in foster care. . . . [¶] (3) A suitable licensed community care facility. [¶] (4) With a foster family agency to be placed in a suitable licensed foster family home or certified family home which has been certified by the agency as meeting licensing standards. [¶] (5) A home or facility in accordance with the federal Indian Child Welfare Act" or, under certain circumstances, in a group home. (§ 361.2, subd. (e).)
Thus, "[a]t the disposition hearing the court may: [¶] (1) Dismiss the petition with specific reasons stated in the minutes; or [¶] (2) Place the child under a program of supervision as provided in section 301 and order that services be provided; or [¶] (3) Appoint a legal guardian for the child; or [¶] *Page 899 
(4) Declare dependency and appoint a legal guardian for the child; or [¶] (5) Declare dependency, permit the child to remain at home and order that services be provided; or [¶] (6) Declare dependency, permit the child to remain at home, limit the control to be exercised by the parent or guardian and order that services be provided; or [¶] (7) Declare dependency, remove physical custody from the parent or guardian and [¶] (A) . . . order custody to the noncustodial parent . . .; or [¶] (B) . . . order custody to the noncustodial parent with services to one or both parents; or [¶] (C) Make a general placement order. . . ." (Cal. Rules of Court, rule 1456(a).) The term "general placement order" is not defined in the rule but, as the rule implements section 361.2, the term must refer to the orders contemplated by subdivision (e) of that section which governs the placement choices available to the social worker after a removal order. (See discussion, ante.)
Nowhere in the statutes or rules is there authorization for the court to declare a dependency, order the dependent child removed from the physical custody of its parents, order the care, custody, control and conduct of the minor to be under the supervision of the probation officer and then direct the probation officer to temporarily place the minor back into the home from which it was removed. The statutes contemplate that removal of the child from the physical custody of the parents will result in some other person or entity having physical custody of the child and that the child will be placed in an appropriate home other than that of the parent who had custody at the time the petition was filed. Accordingly, as it lacks a statutory basis, the juvenile court's removal order is invalid. We agree with appellant that the order permits DHHS to circumvent the requirement of section 361, subdivision (b) that removal from the parent's physical custody can be made only on a showing by clear and convincing evidence that removal is necessary to avert a substantial danger to the physical health or well-being of the minor.
Respondent asserts appellant has waived any error by failing to object to the identical order made at the detention hearing. We decline to find that failure to object to a placement made at the detention hearing pursuant to section 319 can waive consideration on appeal of the validity of a placement order at the disposition hearing governed by entirely different statutes and involving different burdens of proof.[1] Appellant has preserved the issue on appeal by her objections at the disposition hearing. *Page 900 
Respondent argues the issue is moot as the minors were subsequently placed with appellant permanently.[2] We cannot conclude the issue is moot as the subsequent order does not alter the commitment to DHHS, it merely alters the placement. Thus, the subsequent order is also not authorized by statute.
Respondent recognizes the removal order is not authorized by statute but argues appellant's fear of the potential for abuse of power by the social worker should not abolish a practice which furthers the purposes of the juvenile court. We fail to see what purposes of the dependency law can be furthered by this unauthorized practice which invites abuse that cannot be better addressed by the options available under the statute. Indeed, the practice, absent abuse, is the equivalent of an in-home dependency. We see no reason why DHHS should not be required to file a petition seeking a change of custody, if there is a factual basis, meeting the clear and convincing evidentiary standard rather than being able to effect a removal subject only to a subsequent review on motion of the parent. Had the Legislature wished to extend to the court unfettered discretion to fashion placement practices such as this, it would not have described the permissible options with such specificity in the several relevant code sections.
As we have concluded, the order is not authorized by statute, we need not address either whether the order was an unlawful delegation of the court's power or whether substantial evidence supported the predicate findings for removal. Because the removal order is invalid, we must reverse the disposition orders and remand for a new determination of the proper disposition authorized by statute. We note that if the court concludes the minors may remain with appellant, it need not make fictional findings to remove them from her custody in order to retain jurisdiction over the case or to require appellant to participate in services. *Page 901 
 DISPOSITION
The jurisdictional findings are affirmed, the dispositional orders are reversed and the juvenile court is directed to hold a new hearing to determine the proper disposition in this case.
Sims, J., and Morrison, J., concurred.
A petition for a rehearing was denied October 19, 1997, and respondent's petition for review by the Supreme Court was denied December 10, 1997.
[1] Placement at the detention hearing is subject to the provisions of section 319 which parallel those of the statutes governing placement at the disposition hearing. It is not surprising, therefore, that section 319 does not authorize the removal order made at the detention hearing in this case.
Section 319 provides that at the detention hearing, "[t]he court shall order the release of the minor from custody unless aprima facie showing has been made that the minor comes within Section 300 and . . .: [¶] (a) There is a substantial danger to the physical health of the minor or the minor is suffering severe emotional damage, and there are no reasonable means by which the minor's physical or emotional health may be protected without removing the minor from the parents' or guardians' physical custody." (§ 319, subd. (a), italics added.) The section also states that if the court determines "the minor can be returned to the custody of his or her parent . . . through the provision of . . . services, the court shall place the minor with his or her parent . . . and order that the services shall be provided[,]" and further that "When the minor is not released from custody the court may order that the minor shall be placed in the suitable home of a relative or in an emergency shelter or other suitable licensed place or a place exempt from licensure designated by the juvenile court or in an appropriate certified family home. . . ."
[2] At an appearance progress report hearing held April 17, 1997, the court ordered: "Minor(s) committed to the Director of the Department of Health and Human Services, under the supervision of the Department of Health and Human Services. Minor(s) Lorenzo and Damonte A---- (X) Placed with mother . . . (X) Permanent." (Original italics.) *Page 902