[No. B139718. Second Dist., Div. Four. June 1, 2000.]

SAVANNAH B., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Real Party in Interest.

## COUNSEL

Law Offices of Kenneth P. Sherman, Marissa Coffey and Naomi Cohen for Petitioner.

No appearance for Respondent.

Lloyd W. Pellman, County Counsel, and Gary P. Gross, Deputy County Counsel, for Real Party in Interest.

## OPINION

**CURRY, J.**—Petitioner Savannah B., a minor, filed the instant petition for writ of mandate challenging the lawfulness of a dispositional order of the respondent juvenile court which, following the recommendation of real party in interest the Los Angeles County Department of Children and Family Services (DCFS), required the minor to be removed from the custody of her mother, Marva B., and suitably placed, yet simultaneously begin a "60-day visit" with Marva. We issued an order to show cause and temporary stay

order. Following our issuance of the order to show cause and temporary stay order, the juvenile court vacated its order and entered a new order that the minor be placed in the home of Marva. Thereafter, Savannah requested that we permit her to withdraw the petition for writ. Despite the issue becoming moot in this manner, we denied the request, believing this to be an important issue which is likely to recur, but is of such a nature that it tends to become moot before a decision on the merits can be completed.

## BACKGROUND

In October 1999, Savannah was detained and placed in the home of her maternal aunt due to Marva's persistent abuse of cocaine. By the time of the disposition hearing, in February 2000, Marva had enrolled in a 10-month residential rehabilitation program and completed a parenting class. She had been regularly visiting Savannah, had tested negative for drugs for three months, and had made substantial progress in her inpatient program. Her counselor felt that she was ready to have the minor reside with her. At the hearing, DCFS requested both a finding that there was a substantial danger to the physical and emotional health of the minor and no reasonable means to protect her without removal from the parent's physical custody, *and* an order placing Savannah with Marva for a 60-day visit.

## DISCUSSION

Under the Welfare and Institutions Code, the court, once it has adjudged the minor to be a dependent, "may limit the control to be exercised over the dependent child by any parent . . . ." (Welf. & Inst. Code, § 361, subd. (a).) However, a dependent child cannot be taken from the physical custody of its parents "unless the juvenile court finds clear and convincing evidence of . . . [¶] . . . a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor or would be if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parents' . . . physical custody." (Welf. & Inst. Code, § 361, subd. (c)(1).) If the court does order the minor removed from the custody of the parent and there is no noncustodial parent with whom he or she may be placed, "the court shall order the care, custody, control, and conduct of the child to be under the supervision of the social worker who may place the child in any of the following: [¶] (1) The home of a relative, including a noncustodial parent. [¶] (2) A foster home in which the child has been placed before an interruption in foster care . . . . [¶] (3) A suitable licensed community care facility. [¶] (4) With a foster family agency to be placed in a suitable licensed foster family home or certified family home which has

been certified by the agency as meeting licensing standards. [¶] (5) A home or facility in accordance with the federal Indian Child Welfare Act. [¶] (6) [A] community care facility licensed as a group home for children, or a temporary shelter care facility [under certain specified circumstances]." (Welf. & Inst. Code, § 361.2, subd. (e).)

California Rules of Court, rule 1456(a) provides that the court has the following options available at the disposition hearing: "(1) Dismiss the petition with specific reasons stated in the minutes; or [¶] (2) Place the child under a program of supervision as provided in section 301 and order that services be provided; or [¶] (3) Appoint a legal guardian for the child; or [¶] (4) Declare dependency and appoint a legal guardian for the child; or [¶] (5) Declare dependency, permit the child to remain at home and order that services be provided; or [¶] (6) Declare dependency, permit the child to remain at home, limit the control to be exercised by the parent or guardian and order that services be provided; or [¶] (7) Declare dependency, remove physical custody from the parent or guardian and [¶] (A) . . . order custody to the noncustodial parent . . . ; or [¶] (B) . . . order custody to the noncustodial parent with services to one or both parents; or [¶] (C) Make a general placement order . . . ."[1]

 It is clear, and was admitted by counsel for the DCFS at the hearing, that the juvenile court's original order was a legal fiction. The court's finding under Welfare and Institutions Code section 361—that "[the minor] is suffering severe emotional damage, and there is no reasonable means to protect without removal from parent's or guardian's physical custody"—is inconsistent with a simultaneous order granting a 60-day visit with the parent. DCFS has now conceded that there was no substantial evidence to support the finding that Savannah would have been endangered by return to Marva, as long as such return was supervised.

The routine practice of issuing these types of inconsistent orders has been the subject of prior opinions by the Third District, *In re Damonte A., supra,* 57 Cal.App.4th 894, and the Fourth District, *In re Andres G.* (1998) 64 Cal.App.4th 476 [75 Cal.Rptr.2d 285]. Both found the practice to be unauthorized under the Welfare and Institutions Code and the California Rules of Court. As the court stated in *Damonte:* "Nowhere in the statutes or rules is there authorization for the court to declare a dependency, order the dependent child removed from the physical custody of its parents, order the care,

---

[1]"General placement order" is not defined but appears to refer back to Welfare and Institutions Code section 361.2, subdivision (e), which, as we have said, governs the placement choices available to the social worker after a removal order. (*In re Damonte A.* (1997) 57 Cal.App.4th 894, 899 [67 Cal.Rptr.2d 369].)

custody, control and conduct of the minor to be under the supervision of the probation officer and then direct the probation officer to temporarily place the minor back into the home from which [he or she] was removed. The statutes contemplate that removal of the child from the physical custody of the parents will result in some *other* person or entity having physical custody of the child and that the child will be placed in an appropriate home *other* than that of the parent who had custody at the time the petition was filed. . . . [T]he order permits [DCFS] to circumvent the requirement of section 361, subdivision (b) that removal from the parent's physical custody can be made only on a showing by clear and convincing evidence that removal is necessary to avert a substantial danger to the physical health or well-being of the minor." (*In re Damonte A., supra,* 57 Cal.App.4th at p. 899.)

In *In re Andres G.,* it was similarly said: "The trial court's act of finding it necessary to remove physical custody from the parents, place custody with Department and then immediately return the children to the parental home was an act not authorized by the Welfare and Institutions Code and was in excess of the trial court's jurisdiction. [Citation.] That act, which Department and the juvenile court routinely employ, whether consented to, sought by, or happily accepted by the parties and the juvenile court, systematically contravenes a comprehensive statutory scheme operating in an area of special social interest and has the effect of reconfiguring the responsibilities of the court and Department in a manner not contemplated by the Legislature. While we accept the good faith of all involved, such a routine and fundamental readjustment of a law with such important social implications cannot be undertaken simply because the parties believe it expedient or even useful to the overall goal of the legislative scheme." (*In re Andres G., supra,* 64 Cal.App.4th at p. 483.) "Not only does such a procedure entail an unseemly inconsistency, its effect is to either remove children from the home under circumstances the Legislature did not authorize or to place children in a dangerous setting." (*Id.* at p. 481.)

We agree wholeheartedly with the courts in *Damonte* and *Andres,* and disapprove of the legal fiction originally utilized here, the 60-day home visit. We urge the courts and DCFS to implement procedures for protecting dependent minors who require supervision to ensure their safety while in the custody of their parents which comply with the governing statutes and the California Rules of Court.

DISPOSITION

Because the juvenile court has set aside its order of February 25, 2000, the matter has become moot. The petition is dismissed and the order to show

cause and temporary stay previously issued by this court, having served their purposes, are dissolved. Each party to bear its own costs.

Hastings, Acting P. J., and Rubin, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.