Filed 3/15/13  P. v. Vickers CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GEORGE VICKERS,<br><br>        Defendant and Appellant. | A135378<br><br>(San Francisco City and County<br>Super. Ct. No. 216844) |

George Vickers admitted that he was a felon in possession of a firearm (Pen. Code, former § 12021, subd. (a)(1)[1]; current § 29800, subd. (a)(1)), with a prior felony attempted theft conviction (§§ 664, 487).  Vickers does not challenge his plea or the prison sentence imposed.  His sole contention on appeal is that the trial court imposed $80 too much in fines.  Vickers's arguments border on the frivolous, and we affirm.

## I.    BACKGROUND

On October 24, 2011, San Francisco Police Sergeant Daniel Manning approached Vickers on the street near 835 Ellsworth Street, after receiving information from an informant that an individual matching Vickers's description was in possession of a firearm.  Vickers ran, but was apprehended after a struggle.  A .40 caliber semi-automatic pistol was found in a backpack Vickers was carrying.

On January 10, 2012, pursuant to a negotiated disposition, Vickers entered a guilty plea to being a felon in possession of a firearm (Former § 12021, subd. (a)(1)) and

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

admitted a prior felony conviction for attempted grand theft (§§ 664, 487).  The minute order reflects a "PROPOSED DISPOSITION" including a two-year state prison sentence, and a "VF fine of $240."  The transcript of the plea colloquy reflects discussion only of the possible midterm prison sentence, and Vickers's ability to withdraw the plea if the court was unwilling to sentence in accord with that recommendation.[2]

On March 20, 2012, Vickers received the two-year prison sentence originally proposed.  The sentence included imposition of a $240 restitution fine "pursuant to PC 1202.4(b)."  The court imposed, but suspended, a parole revocation fine in the same amount.  Vickers made no objection.

On May 1, 2012, Vickers filed a notice of appeal.  The notice states only that Vickers's appeal is "based on the denial of a motion to suppress evidence under Penal Code section 1538.5."

## II.    DISCUSSION

Vickers contends that the $240 restitution and parole revocation fines imposed violate state and federal constitutional prohibitions against ex post facto laws.  The People argue that the fines were a condition of the plea bargain that Vickers cannot now challenge.  They are both wrong.

A restitution fine under section 1202.4 is mandatory unless the sentencing court " 'finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.' " (*People v. Tillman* (2000) 22 Cal.4th 300, 302, quoting § 1202.4, subd. (b).)  The parole revocation fine also is mandatory and must be set in the same amount as the restitution fine.[3]  Section 1202.4. subdivision (b)(1) provides that the amount of the restitution fine "shall be set at the discretion of the court and commensurate with the seriousness of the offense."  At the time of Vickers's sentencing

_____

[2] No written plea waiver form is included in the record provided to us.

[3] "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4 . . . ." (Former § 1202.45; current § 1202.45, subd. (a).)

in January 2012, the statute further provided that the fine "shall not be less than two hundred forty dollars ($240) *starting on January 1, 2012*, . . . and not more than ten thousand dollars ($10,000), if the person is convicted of a felony . . . ." (§1202.4, subd. (b)(1), as amended by Stats. 2011, ch. 358, § 1, italics added.)  Vickers argues that the version of section 1202.4. subdivision (b)(1) applicable at the time of his offense in October 2011 provided that the restitution fine "not be less than two hundred dollars ($200)" (Stats. 2011, ch. 45, § 1), and that imposition of the larger amount increased his "punishment."  Vickers is correct that a "restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws." (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30.)

But the most readily apparent problem with Vickers's argument is that the amount provided under both versions of the statute is the required *minimum* that the court must impose.  The fine amount of $240 is within the discretionary range provided under the statute effective at the time of Vickers's offense, and therefore not an "unauthorized sentence" as Vickers claims.  "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).)

Vickers blithely insists, without any supporting citation to the record, that "it is apparent the court intended to impose the minimum fine permissible."  Perhaps, but that is precisely why a defendant is required to raise such objections at time of sentencing or forfeit them.  Except in the case of an unauthorized sentence, claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices are waived by failure to object at the time of sentencing. (*Scott, supra,* 9 Cal.4th at pp. 353–354.)  For example, in *People v. Tillman, supra,* 22 Cal.4th at pp. 302–303 the Supreme Court held that when a trial court failed to articulate reasons for *not* imposing a restitution fine, that decision constituted a discretionary sentencing choice, requiring the People to object in order to preserve the claim.  The reason for requiring timely objection in such circumstances is clear.  "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible

sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention. As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them."[4] (*Scott,* at p. 353.)

Moreover, we do not indulge the presumption of error in the court's sentencing choices that Vickers suggests. "Pursuant to Evidence Code section 664, 'Court and counsel are presumed to have done their duty in the absence of proof to the contrary.' (*Newman v. Los Angeles Transit Lines* (1953) 120 Cal.App.2d 685, 691; see also *In re B.A.* (2006) 141 Cal.App.4th 1411, 1420.) The general rule is ' "that a trial court is presumed to have been aware of and followed the applicable law. [Citations.]" [Citations.] This rule derives in part from the presumption of Evidence Code section 664 "that official duty has been regularly performed." ' (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)" (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549, parallel citations omitted.)

Finally, in addition to failing to present any objection in the trial court, Vickers's notice of appeal does not even purport to appeal from the sentence imposed by the court. A notice of appeal must "identif[y] the particular judgment or order being appealed." (California Rules of Court, rule 8.304(a)(4).) The notice states that Vickers's appeal is "based on the denial of a motion to suppress evidence under Penal Code section 1538.5," an issue he has abandoned here. Even liberally construing this notice, it is difficult to see how Vickers preserved a claim of sentencing error. The issue is doubly forfeited.

---

[4] The policy concerns expressed by the Supreme Court could not be more vividly demonstrated than here. Vickers seeks to correct what he argues is an $80 error. If he believed the trial court actually intended to impose the statutory minimum fine, the issue could have been readily clarified or corrected by counsel with a minimum of effort, and within a matter of minutes, if not seconds. A 2008 cost analysis by the clerk's office for the Second Appellate District estimated that the average cost to the court of an appeal resulting in an opinion by the court to be approximately $8,500. (See *In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 520.)

4

While not necessary to our disposition of this appeal, we also express our concern with the People's contention that the amount of the restitution fine was a condition of Vickers's plea agreement.[5] The People, while first asserting that the appellate record does not include a transcript of Vickers's change of plea hearing, state that the amount of the restitution fine was "specified in the plea colloquy in January 2012" and therefore a part of the plea agreement. The People are wrong on both counts.

Although not directly mentioned in their briefing, the People appear to rely entirely on a brief reference in the January 10, 2012 minute order that reflects a "VF fine of $240" under the heading "PROPOSED DISPOSITION." This is a very thin reed on which to base an unqualified statement in briefing that "the trial court advised appellant that as part of the plea he would have to pay a restitution fine of $240," and to then assert this argument as the principal basis for affirmance.

The transcript of the plea hearing *is* part of the appellate record, filed with this court five months before the People's brief. Unlike the People, we have reviewed the transcript and there is no mention of the restitution fine in the plea colloquy. This is not surprising, since it is difficult to discern why a de minimis restitution fine would be a material term of a plea agreement calling for a two-year prison term, and dismissal of two charged felony counts. While we do not find a deliberate misrepresentation of the record, we expect more candor from counsel.

### III. DISPOSITION

The judgment is affirmed.

---

[5] The People also, inexplicably, set forth facts underlying an entirely separate and unrelated matter, which is not before us. We ignore the references.

_____
Bruiniers, J.

We concur:


_____
Jones, P. J.


_____
Simons, J.