[No. F024789. Fifth Dist. Dec. 20, 1995.]

CAROLYN R., Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
KERN COUNTY DEPARTMENT OF HUMAN SERVICES, Real Party in
Interest.

**COUNSEL**

David G. Duket for Petitioner.

No appearance for Respondent.

B. C. Barmann, County Counsel, and Holly N. Gallagher, Deputy County Counsel, for Real Party in Interest.

**OPINION**

**ARDAIZ, P. J.**—Petitioner Carolyn R. seeks extraordinary writ review (Welf. & Inst. Code[1], § 366.26, subd. *(l)*; Cal. Rules of Court, rule 39.1B) from respondent court's order that a section 366.26 hearing be held February 20, 1996. She challenges the court's refusal to grant her 12 additional

[1]All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

months of reunification services after it sustained a supplemental petition (§ 387) to remove her children from her physical custody for a second time.[2] On review, we find no error. We hold once a court sustains a supplemental petition to remove a dependent child for a second time from a parent's physical custody, it may set the matter for permanency planning under section 366.26 if that parent received 12 or more months of reasonable child welfare services.

FACTS

Because the mother's petition raises questions of law, we need only briefly summarize the facts. The San Bernardino County Juvenile Court adjudged the mother's children, Hailey B. and William B., juvenile dependents in April 1994. Having found it necessary to remove the children from parental custody due to the substantial danger to the children's physical health, the court ordered the parents to participate in a reunification plan.

By the fall of 1994, the mother had moved to Kern County. In an effort to facilitate reunification services, the San Bernardino County court transferred the dependency matter to Kern County. The superior court in Kern County accepted the transfer in November 1994, at which time it also placed the children with their mother based on its finding that the mother had made some progress. The court also ordered the provision of family maintenance services so that the children could remain in their mother's care.

The children remained in the mother's physical custody until July 20, 1995, by which time the real party in interest Kern County Department of Human Services filed a supplemental petition under section 387 to remove the children from the mother's home. The court found the allegations of the supplemental petition true and set the matter for a separate dispositional hearing.

At the dispositional hearing, the mother claimed she was entitled to an additional 12 months of reunification services. It is undisputed the mother

[2]Section 387 provides: "[a]n order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative, or friend and directing placement in a foster home, or commitment to a private or county institution, shall be made only after noticed hearing upon a supplemental petition.

"(a) The supplemental petition shall be filed by the probation officer in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor.

"(b) Upon the filing of the supplemental petition, the clerk of the juvenile court shall immediately set the same for hearing within 30 days, and the probation officer shall cause notice thereof to be served upon the persons and in the manner prescribed by Sections 335 and 337.

"(c) An order for the detention of the minor pending adjudication of the petition may be made only after a hearing is conducted pursuant to Article 7 (commencing with Section 305)."

had received eight months of reunification services before November 1994 and ten months of family maintenance services thereafter. The court denied the mother's request, finding the mother had exhausted the period for reunification. It also found reasonable services had been offered to her. Further, because the children could not be safely returned to parental custody, the court set the matter for a permanency planning hearing under section 366.26 (section 366.26 hearing).

The mother filed a timely notice of intent to file a petition for extraordinary relief.

### DISCUSSION

The mother attacks the court's denial of further services and order setting the section 366.26 hearing on two theories. One, she claims the court lacked the authority to set a section 366.26 hearing. Two, the mother argues she was entitled as a matter of law to an additional 12 months of reunification services. As discussed below, there is no merit to either of these arguments.

*Authority to Set Section 366.26 Hearing*

■ The mother complains respondent court could not set a section 366.26 hearing after having sustained the section 387 petition. She relies in large measure on the language of California Rules of Court, rule 1431(f) which provides in relevant part:

"(f) If a dependent child was returned to the custody of a parent or guardian at the 12-month review or the 18-month review or at an interim review between 12 and 18 months and a 387 petition is sustained and the child removed once again, the court shall:

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2) Set a hearing under section 366.26 if dependency was declared after January 1, 1989, unless the court finds there is a substantial probability of return within the next six months or, if more than 12 months had expired at the time of the prior return, within whatever time remains before the expiration of the maximum 18-month period."

According to the mother, California Rules of Court, rule 1431(f) limits a court's power to set a section 366.26 hearing after having sustained a section 387 petition to situations in which the child was returned to parental custody at or between the 12- and 18-month review hearings. Since the mother's

children were returned to her care at roughly the eight-month stage, she claims the court could not set the matter for a section 366.26 hearing.

While the rule of court describes the procedure which a court must follow when it grants a section 387 at a certain point in time, there is nothing in this or any other rule which suggests a court is otherwise prohibited from setting a section 366.26 hearing when it grants a section 387 petition. It is true that neither the rules of court nor the code expressly permits a court to do so. Yet, this omission cannot possibly mean the court lacks such authority. Instead, as discussed below, if a parent has received at least 12 months of reasonable child welfare services, the court may set a section 366.26 hearing when it grants a section 387 petition removing a child from parental custody.

■ The mother also argues the court could not set a section 366.26 hearing because it failed to warn her at a prior review hearing conducted in the spring of 1995 that if the children could not be returned by the next review hearing, a section 366.26 proceeding could be instituted. She cites in this regard portions of section 366.21, subdivisions (e) and (g)(1) which require the giving of such notice at six- and twelve-month dependency status review hearings.

The mother is correct that the court did not provide such notice at the spring 1995 review hearing. Of course, this is not so surprising since the children were in her physical custody at the time of that hearing. However, despite the mother's claim of procedural error, she was aware of the consequences in the event she could not correct the problems which led to her children's dependency status. At the outset of this case, the court did warn her that her parental rights could be permanently terminated in the event of unsuccessful reunification. Thus, assuming solely for the sake of argument that there was error, it was harmless.

*Additional Reunification Services*

■ According to the mother, the court should have awarded her 12 months of reunification services in its disposition on the section 387 petition. In her view, once the court removed her children from her physical custody for a second time, section 361.5 entitled her to 12 months of additional services. She relies on the following language from section 361.5, subdivision (a): "*whenever* a minor is removed from a parent's or guardian's custody, the juvenile court shall order the probation officer to provide child welfare services to the minor and the minor's parents or guardians for the

purpose of facilitating reunification of the family within a maximum time period not to exceed 12 months." (Italics added.)[3]

Highlighting the word "whenever" in section 361.5, the mother interprets the mandate of section 361.5 as unequivocal; once the court removed her children from her physical custody a second time, it had to recommence reunification efforts. The mother's reading of section 361.5 is, in our estimate, flawed. To construe the section's language as requiring the court to start services anew simply because a parent succeeded in temporarily regaining physical custody "would scuttle the purpose of the statute merely to preserve its form." (*In re Michael S.* (1987) 188 Cal.App.3d 1448, 1459 [234 Cal.Rptr. 84].) The mother ignores additional language in section 361.5, subdivision (a) which clearly states the time frame for services is not tolled for the time a child is in the parent's physical custody.

"Physical custody of the minor by the parents or guardians during the 18-month period shall not serve to interrupt the running of the period." (§ 361.5, subd. (a).)[4]

This language obviously limits the section's mandate for services to the point in time which begins when the court initially orders a child removed from parental custody pursuant to section 361.[5] (See also *In re Michael S., supra*, 188 Cal.App.3d at p. 1459.)

The mother also sees a distinction between family reunification and maintenance services. She claims section 361.5 articulates a specific right to reunification services. Observing that she received only eight months of reunification services, the mother contends she had not received twelve months of services as required by section 361.5.

However, the section speaks in terms of "child welfare services" (§ 361.5, subd. (a)) which consist of maintenance as well as reunification services (§ 16500 et seq.).[6] Both reunification and maintenance services are part of the continuum of child welfare services. (§ 16501, subd. (a).) Notably, the

---

[3]Services may be extended up to an additional six months if it can be shown that the objectives of the service plan can be achieved within the extended time period. (§ 361.5, subd. (a).)

[4]At oral argument, the mother interpreted the no-tolling provision in section 361.5, subdivision (a) to refer exclusively to extended visits between parent and child and not a child's return to parental physical custody conditioned upon family maintenance services. We see no legitimate reason to read the statute so narrowly.

[5]Section 361 sets forth the limited conditions under which a court may remove a dependent child from the physical custody of his or her parents.

[6]Family maintenance services can be provided to maintain a dependent child in his or her own home. These services shall be limited to six months but may be extended for one

court-ordered reunification services in the mother's case were all but identical to the services in the family maintenance plan.[7] Both consisted of drug abuse counseling and random drug testing.

At issue when a parent has received child welfare services, in the form of both reunification and family maintenance services, is whether those services were reasonably designed to assist the parent in overcoming the problems which led to the court's intervention; the label given to the services is not dispositive.[8] The goal of both reunification and maintenance services is to address the circumstances which required agency and court intervention into a family's life. (§§ 16501, subd. (a), 16501.1, subds. (a), (b), (e) & (f).) Here, we note the mother does not dispute the court's finding of reasonable services.

When a juvenile court sustains a supplemental petition pursuant to section 387, the case does not return to " 'square one' " with regard to reunification efforts. (*In re Steven A.* (1993) 15 Cal.App.4th 754, 765 [19 Cal.Rptr.2d 576], citing *In re Michael S., supra,* 188 Cal.App.3d 1448, 1459.) Instead, the question becomes whether reunification efforts should resume.[9] The answer is yes if: the parent has received less than 12 months of child welfare services (§§ 361.5, subd. (a), 366.21, subd. (e)); the parent did not receive reasonable child welfare services (§§ 366.21, subd. (g)(1), 366.22, subd. (a)); or the case has passed the 12-month mark but there is a substantial probability the child will be returned within 18 months of the date the child was originally removed from the parent's physical custody (§ 366.21, subd. (g)(1)).[10] Simply put, the court determines at what chronological stage of the 12- to 18-month period the case is for reunification purposes and then proceeds pursuant to section 366.21 or section 366.22 as appropriate. Failure to order additional reunification services when a court removes a child from parental custody incident to a section 387 petition is reversible error only if

---

6-month period if it can be shown that the objectives of the service plan can be achieved within the extended time period. (§ 16506.) Family reunification services are provided, in relevant part, when a dependent child has been placed in out-of-home care; then, the services are provided to reunite the child and parent. (§ 16507.)

[7]The reunification plan, unlike the family maintenance plan, also included a visitation element which for obvious reasons became unnecessary once the court placed the children with their mother.

[8]Because the issue is not before us, we need not decide and do not address the procedure a court should follow if a parent has received exclusively maintenance services, in other words, in the event a section 387 petition triggers the first time in a given case that a court removes a dependent child from parental custody.

[9]We assume for the sake of argument the factual basis for the supplemental petition would not preclude further services.

[10]Courts have discretion to extend reunification services past the 12-month mark when a parent avails him or herself of services and makes progress. (See *In re Candace P.* (1994) 24 Cal.App.4th 1128, 1131 [30 Cal.Rptr.2d 1].)

under the particular facts of the case the juvenile court abuses its discretion in failing to order such services. (*In re Michael S., supra*, 188 Cal.App.3d at p. 1459.)

Here, the case had reached at least the 18-month review stage when the court sustained the section 387 petition. At the 18-month stage, further services are ordinarily not an option which the court may consider. (§§ 366.22, subd. (a), 361.5, subd. (a); *In re Elizabeth R.* (1995) 35 Cal.App.4th 1774, 1788 [42 Cal.Rptr.2d 200].) Mandatory services are limited to no more than 18 months.[11] (*In re Steven A., supra*, 15 Cal.App.4th at p. 765.) A court may extend the 18-month maximum for reunification efforts only under very limited circumstances, that is, when: no reunification plan was ever developed for the parent (*In re Dino E.* (1992) 6 Cal.App.4th 1768, 1777 [8 Cal.Rptr.2d 416]); the court finds reasonable services were not offered (*In re Daniel G.* (1994) 25 Cal.App.4th 1205, 1211 [31 Cal.Rptr.2d 75]); or the best interests of the child would be served by a continuance (see § 352) of an 18-month review hearing (*In re Elizabeth R., supra*, 35 Cal.App.4th at pp. 1798-1799). None of these exceptions applied in this case. In particular, there is no dispute in these writ proceedings that reasonable child welfare services were offered to the mother; regrettably she simply did not avail herself of what was available.

Thus, we find on this record that respondent court did not err in terminating further services to the mother and setting the matter for a section 366.26 hearing.

### DISPOSITION

The petition is denied.

Vartabedian, J., and Harris, J., concurred.

---

[11]Moreover, the 18-month maximum period for reunification, assuming reasonable services are provided, is calculated from the date the child was originally taken from the physical custody of his or her parent. (§ 366.21, subd. (g)(1); *In re Zacharia D.* (1993) 6 Cal.4th 435, 446 [24 Cal.Rptr.2d 751, 862 P.2d 751].)