[No. C029825. Third Dist. Feb. 23, 1999.]

In re JOEL T. et al., Persons Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
EPIFANIA B., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

　\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for
publication with the exception of part II.

264

COUNSEL

Michael A. Salazar, under appointment by the Court of Appeal, for Defendant and Appellant.

Robert A. Ryan, Jr., County Counsel, and Lilly C. Frawley, Deputy County Counsel, for Plaintiff and Respondent.

---

## OPINION

HULL, J.—Epifania B., mother of the five minors, appeals from orders entered at a combined hearing for status review and disposition on a supplemental petition, denying her further services and placing the minors in long-term foster care. (Welf. & Inst. Code, §§ 364, 387; further section references are to the Welfare and Institutions Code unless otherwise designated.) Appellant contends the juvenile court erred in denying reunification services and in failing to give preference to the minors' relatives when determining their placement. We reverse the order denying appellant reunification services and remand the case for a new dispositional hearing.

### FACTS

The five minors, then ranging in age from five months to nine years, were detained in October 1996, based upon allegations that appellant permitted Steven T., father of the youngest child, into the appellant's home although Steven T. had sexually molested the other children. Appellant believed the molestations had occurred, but was afraid of Steven T. The court authorized a trial placement of the minors with appellant pending a hearing on jurisdiction since appellant was participating voluntarily in drug testing, counseling, a housing program and parenting classes.

At the combined jurisdictional and dispositional hearing on January 23, 1997, the court found the minors came within the provisions of section 300, subdivisions (b), (d) and (j), adjudged the minors dependents, found that return of the minors to appellant's custody would be detrimental to the minors' best interests, and committed the minors to the department of health and human services (DHHS) for placement. The court allowed the minors to remain in the care and custody of appellant on a trial basis. The court ordered appellant to participate in a "reunification" plan which included counseling and drug testing, and ordered appellant to maintain a stable home and attend parenting classes. DHHS was to provide the relevant services. Finally, the court ordered that Steven T. was to have no contact with the minors.

By March 1997, appellant continued to make progress in parenting and providing a stable home and the social worker recommended extending the trial placement. The report for the six-month status review stated appellant

continued to make positive progress on the plan although she had difficulty in establishing a firm routine for the children and at times her judgment was questionable. The court continued the trial placement and ordered DHHS to provide further services to appellant.

In January 1998, the social worker reported appellant had maintained her participation in the housing program, but had terminated her therapy and stopped drug testing in October 1997. Appellant's counselor had closed appellant's case for lack of meaningful participation by appellant. Believing appellant had shown some improvement in parenting skills, however, and being aware appellant could not successfully parent her children without assistance, the social worker referred her to a new program.

Because appellant had "on more than one occasion" allowed Steven T. into appellant's home in violation of the court's previous order, the court removed all five children from appellant's custody in February 1998 pursuant to a supplemental petition to modify the minors' placement. The social worker had warned appellant as recently as December 1997 not to permit such contact.

In April 1998, in a combined report for the hearing on the supplemental petition and for the 12-month dependency status review, the social worker stated again that appellant did well in her services until she stopped testing and counseling in October 1997. Nonetheless, the social worker felt conditions had not altered significantly from the time of the initial removal as appellant still permitted Steven T. access to minors he had molested and abused previously. The social worker further reported appellant had moved to San Francisco and had visited only twice since the minors' detention in February. The social worker recommended the minors be placed in long-term foster care and that no further services be provided to appellant. In an addendum, the social worker addressed the suggested relative placements, noting that Joshua's paternal grandmother was interested in adoption and the minors' maternal great-grandmother, with whom the maternal grandfather resided, was interested in having the minors placed with her. There is little, indication that these relatives either visited or maintained a relationship with the minors during the dependency period.

At the combined hearing on April 28, 1998, 18 months after the initial detention, the court that found the allegations of the supplemental petition were true. Appellant argued she should be provided further services or, alternatively, the minors should be placed with the maternal great-grandmother or, in Joshua's case, with the paternal grandmother. The court ordered the minors placed in long-term foster care and denied appellant's

placement requests and her request for additional services, finding DHHS had provided 18 months of services to her already and there was no probability the minors could be returned to her.

DISCUSSION

I

*Failure to Order Reunification Services*

Appellant contends the juvenile court erred in failing to order reunification services following removal of the minors pursuant to the supplemental petition. Appellant contends the services she received previously were "family maintenance" services, not "reunification" services as the minors had not been removed from her custody and she was entitled to reunification services. DHHS asserts appellant received 18 months of services and is entitled to no more.

When the minors were removed from, and then returned to, appellant's custody in 1996, the juvenile court employed the nonstatutory procedure disapproved of in *In re Damonte A.* (1997) 57 Cal.App.4th 894 [67 Cal.Rptr.2d 369] by temporarily placing the minors in appellant's custody while finding that such return would be detrimental to the minors. (*Id.* at pp. 897-899.) As we observed in *In re Damonte A.*, such a placement is the functional equivalent of an in-home dependency in which the court orders the parents to participate in child welfare services. (*Id.* at p. 900; Welf. & Inst. Code, § 362, subd. (b); Cal. Rules of Court, rule 1456.) The court here did order appellant to participate in various services designed to ameliorate the conditions which resulted in the dependency and to avoid or limit out-of-home placement.

When a dependency is declared, the juvenile court must order child welfare services be provided to the parents whether or not the child remains in the parent's home (§§ 361.5, subd. (a), 362, subd. (b)) and must review the status of the case every six months (§§ 364, 366.21, 366.22). However, if the child remains in the parent's custody, at each six-month review, the court determines only whether the dependency should be terminated or whether further supervision is necessary. (§ 364; Cal. Rules of Court, rules 1460(e)(1), 1461(b)(2)(A), 1462(a)(2)(A).) Unlike the situation in which the child is removed from the home and court-ordered services are statutorily limited to 18 months (§ 361.5, subd. (a)), nothing in the statutes or rules

limits the time period for court supervision and services when the child remains in the home (§ 364; Cal. Rules of Court, rules 1460(e)(1), 1461(b)(2)(A), 1462(a)(2)(A)).[1] If supervision is no longer required, the court simply terminates the dependency. Otherwise, the state may continue to provide supportive services and supervision to parents until the dependent minors reach their majority.

However, if the social worker becomes aware of a change in circumstances which may trigger removal, a supplemental (§ 387) or subsequent (§ 342) petition may be filed. (§ 364, subd. (e).) In either case, the court must hold jurisdictional and dispositional hearings. (§ 342; Cal. Rules of Court, rule 1431.) At the dispositional hearing on the supplemental petition, the court must again decide whether to leave the minors in the custody of their parents or remove them and provide or deny services. (Cal. Rules of Court, rule 1431(e).)

Here, the court ordered the minors removed from parental custody and denied reunification services solely because appellant had received court-ordered services for the 18 months following the minors' original detention. However, appellant had not received time-limited services prior to the minors' second detention on the supplemental petition, as they were in her custody subject to the supervision of the juvenile court. Consequently, the court could not rely on the statutory limitations for services provided to parents whose children have been removed in denying services to appellant. This is not to say the court could not decline to order services under proper statutory authority. (See § 361.5, subd. (b).) The distinction between the services provided when the minors remain in parental custody and when the minors have been removed from parental custody is a subtle but important one. Services designed merely to support a family's functioning may or may not be the same as those designed to reunify a family even if the ultimate goal in each case is to ameliorate the problems which led to the dependency at the outset.

Accordingly, when the juvenile court removes a minor from parental custody for the first time, section 361.5, subdivision (a), requires the court to order reunification services except in the circumstances specified in subdivision (b) of that section. (Cf. *Carolyn R. v. Superior Court* (1995) 41 Cal.App.4th 159, 165-167 [48 Cal.Rptr.2d 669].)

---

[1] It is true that family maintenance services may be limited to a total of 12 months. (§§ 16501, subd. (g), 16506.) However, family preservation services are not so limited. (§ 16501, subd. (j).) As DHHS provided services to the family well past 12 months, we presume the services in this case were family preservation services.

The case must be remanded for a new dispositional hearing on the supplemental petition. At the hearing, the court should consider all applicable dispositional alternatives including denial of services pursuant to section 361.5, subdivision (b), if justified by the evidence.

## II

### *Preferential Placement With Relatives**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The dispositional orders of the juvenile court are reversed. In all other respects, the judgment is affirmed. The matter is remanded with directions to the juvenile court to hold a new dispositional hearing on the supplemental petition.

Scotland, P. J., and Morrison, J., concurred.

A petition for a rehearing was denied March 19, 1999, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied May 26, 1999.

*See footnote, *ante*, page 263.