Filed 10/1/15  J.W. v. Super. Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| J.W.,<br><br>  Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF TUOLUMNE COUNTY,<br><br>  Respondent;<br><br>TUOLUMNE COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>  Real Party in Interest. | F071898<br><br>(Super. Ct. Nos. JV7393, JV7394)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

ORIGINAL PROCEEDING; petition for extraordinary writ review.  Donald I. Segerstrom, Jr., Judge.

J.W., in pro. per., for Petitioner.

No appearance for Respondent.

Sarah Carrillo, County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Gomes, J. and Franson, J.

J.W. (father), in propria persona, seeks extraordinary writ review of the juvenile court's orders terminating his reunification services and setting a Welfare and Institutions Code section 366.26 hearing[1] as to his six- and two-year-old daughters (the children). We deny the petition.

## PROCEDURAL AND FACTUAL SUMMARY

Father and his wife, Shawna, are the children's parents. In October 2013, when these dependency proceedings were initiated, father and Shawna were active drug abusers. Shawna was addicted to heroin and father was addicted to opiates.

A social worker from the Tuolumne County Department of Social Services (department) made an unannounced visit to the family home because several days before Shawna called and asked the department to take the children into custody. Shawna explained that she had a nine-year history of heroin addiction and needed drug rehabilitation. She could no longer care for the children.

The social worker found father home alone with the children. Shawna was staying with a friend and trying to get into a rehabilitation program. Father stated that he suffered a back injury while serving in the Army and became addicted to pain medication. He completed a residential substance abuse treatment program in April 2009. The social worker asked him to provide a urine sample for testing which he did. He tested positive for methamphetamine and opiates. The social worker took the children, then five years old and 13 months old, into protective custody.

In December 2013, the juvenile court exercised its dependency jurisdiction over the children and ordered father and Shawna to participate in reunification services. Father's services plan required him to complete a parenting program and participate in mental health and substance abuse services.

---

[1] All statutory references are to the Welfare and Institutions Code.

Father and Shawna initially struggled to comply with their services plans. However, the juvenile court continued their services to the 12-month review hearing. By that time, they had made significant progress. Consequently, the department recommended the juvenile court return the children to their custody under family maintenance.

In November 2014, at the 12-month review hearing, the juvenile court returned the children to father and Shawna under family maintenance and ordered them to abstain from illicit drug use. The court set a family maintenance review hearing for April 2015.

In late March 2015, father failed to drug test. He e-mailed the social worker stating his work precluded him from getting to the agency office in time. He said he was working out of town and would rather deal with the consequences of not drug testing than jeopardize his employment. That same day a social worker made an unannounced visit to father's home. He was found hiding in the children's bedroom. He acknowledged the situation "looked bad" and admitted lying about going out of town. He also admitted avoiding the social worker but denied using any illicit substances. He provided a urine sample which tested presumptively negative.

Three days later, at around midnight, Shawna was pulled over for a traffic stop. Shawna's friend, Brook, was driving, Shawna was in the front passenger seat and the children were in the back seat. Brook and Shawna were under the influence of a controlled substance and in possession of illegal drugs, narcotics and drug paraphernalia. They were arrested and the children were taken into protective custody.

Following Shawna's arrest, a social worker spoke to father at the family home. He was aware that the children were in the department's custody and asked if they could be released to him. However, the department refused to release the children to him after he tested positive for opiates. Father denied using opiates and theorized he unknowingly consumed water from a water bottle Shawna used to prepare needles with which to inject heroin.

The department filed a supplemental petition (§ 387) on the children's behalf alleging family maintenance services in the home had proven ineffective in keeping the children safe.

The juvenile court sustained the allegations in the petition and the department placed the children in the care of their maternal aunt. In its report for the dispositional hearing on the supplemental petition, the department recommended the juvenile court not offer father and Shawna any further services to reunify the family.

In June 2015, the juvenile court convened a contested dispositional hearing on the supplemental petition. Father testified he separated himself mentally and physically from Shawna. He lived alone and secured a second job so he could support the children. He had not used drugs since the last court hearing. He asked the court to return the children to him under family maintenance.

The juvenile court considered father's request but found it could not safely return the children to him under family maintenance because of his ongoing relationship with Shawna, his refusal to drug test and the circumstances in Shawna's arrest. The court terminated father and Shawna's reunification services and set a section 366.26 hearing.

This petition ensued.[2]

## DISCUSSION

Father contends "The Court's decision was not supported by the facts." He does not, however, identify the "decision" he challenges. In fact, the juvenile court makes multiple decisions before setting a section 366.26 hearing. In addition, father did not set forth legal arguments in his petition as required by California Rules of Court, rule 8.452(b) (rule 8.452), which governs the procedures for initiating dependency writ proceedings in this court. Consequently, his petition is technically inadequate for appellate review. Nevertheless, we will liberally construe a petition in favor of its

---

[2] Shawna did not file a writ petition.

4.

sufficiency in order to determine the petition on the merits. (Rule 8.452(a)(1).) In this case, we construe the petition as challenging the juvenile court's order terminating his reunification services.

"When a juvenile court sustains a supplemental petition pursuant to section 387, the case does not return to ' "square one" ' with regard to reunification efforts. [Citations.] Instead, the question becomes whether reunification efforts should resume. The answer is yes if: the parent has received less than 12 months of child welfare services (§§ 361.5, subd. (a), 366.21, subd. (e)); the parent did not receive reasonable child welfare services (§§ 366.21, subd. (g)(1), 366.22, subd. (a)); or the case has passed the 12-month mark but there is a substantial probability the child will be returned within 18 months of the date the child was originally removed from the parent's physical custody (§ 366.21, subd. (g)(1))." (*Carolyn R. v. Superior Court* (1995) 41 Cal.App.4th 159, 166 (*Carolyn R.*).)

Here, the case had reached the 18-month review stage when the juvenile court sustained the section 387 petition. Ordinarily, the juvenile court's only option at that point is to terminate reunification services, unless it finds that exceptional circumstances warrant continuing them. Courts have found exceptional circumstances where no reunification plan was ever developed for the parent (*In re Dino E.* (1992) 6 Cal.App.4th 1768, 1777); the court finds reasonable services were not offered (*In re Daniel G.* (1994) 25 Cal.App.4th 1205, 1211); or the best interests of the child would be served by a continuance (see § 352) of an 18-month review hearing (*In re Elizabeth R.* (1995) 35 Cal.App.4th 1774, 1798-1799). (*Carolyn R.*, *supra*, 41 Cal.App.4th at p. 167.)

The juvenile court's order terminating reunification services incident to a section 387 petition is reversible error only if the court abused its discretion under the particular facts of the case. (*Carolyn R.*, *supra*, 41 Cal.App.4th at pp. 166-167.)

We find no abuse of discretion in the juvenile court's decision to terminate father's reunification services. There were no exceptional circumstances in this case and

there was and is no claim that the services provided to father were not reasonable. Further, continuing services for father was not in the children's best interest. Though father and the children shared a loving relationship, he seriously endangered them by continuing to use drugs and entrusting them to Shawna.

We conclude the juvenile court did not err in terminating father's reunification services and setting the matter for a section 366.26 hearing.

## DISPOSITION

The petition for extraordinary writ is denied. This opinion is final forthwith as to this court.

6.