Filed 9/25/20  A.D. v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| A.D., | |
| Petitioner, | E075285 |
| v. | (Super.Ct.No. INJ1900095) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Susanne S. Cho, Judge.  Petition denied.

Denise E. Shaw, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

1

Gregory P. Priamos, County Counsel, James E. Brown, Anna M. Marchand and Julie Koons Jarvi, Deputy County Counsel for Real Party in Interest.

In this writ proceeding filed pursuant to rule 8.452 of California Rules of Court, A.D. (mother) seeks relief from the juvenile court orders denying her reunification services and setting a hearing for a Welfare and Institutions Code[1] section 366.26 selection and implementation of a permanent plan for her children. She contends the juvenile court erred in two respects: (i) when it found she had exceeded the statutory time limit for provision of family reunification services; and (ii) when it found she came within subdivision (b)(13) of section 361.5, which authorizes bypass of services under certain conditions if the parent is a chronic user of drugs or alcohol. We deny the petition.

## BACKGROUND

Mother and father have three children: A.D., R.D., and W.D. The family came to the attention of real party in interest Riverside County Department of Public Social Services (the Department) when it received a referral that W.D. was born preterm with a positive toxicology for amphetamine and methamphetamine. Mother refused to submit to a drug screen and left the hospital with the baby against medical advice. In the course of the Department's investigation, the parents questioned the validity of W.D.'s test result, denied that they abused substances, and declined to participate in any preventative services.

---

[1] All statutory references herein are to the Welfare and Institutions Code unless otherwise noted.

2

The Department filed a juvenile dependency petition alleging all three children came within subdivision (b)(1) of section 300 due to the failure or inability of their parents to protect them.

On March 20, 2019, the court made a temporary order detaining W.D. pending the contested detention hearing. At the contested hearing held five days later, the court ordered W.D. detained. It ordered family reunification services for him and family maintenance services for his siblings pending the hearing on jurisdiction set for April 16.

The Department was unable to complete its investigation by the time of the April 16, 2019 hearing because the parents did not make themselves or six-year-old A.D. available for interviews. The jurisdiction hearing was continued to May 16 and, when the parents failed to appear on that day, the court reset the hearing for May 20 and issued protective custody warrants for A.D. and R.D. On May 20, the Department requested a continuance apparently because A.D. and R.D. had just been taken into protective custody that morning and placed in foster care. The court reset the jurisdiction hearing for May 22.

On May 22, 2019, the parties stipulated to combining the detention hearing for A.D. and R.D. with the jurisdiction hearing. The court ordered A.D. and R.D. detained and sustained an amended version of the juvenile dependency petition filed that day as to all three children. The sustained allegations included parents' failure or inability to protect the children due primarily to mother's drug abuse and unresolved mental health issues, that father would leave the children in mother's care even though he knew or

3

should have known she abused drugs, and the failure of both parents to participate in preventative services. Services were ordered for the family pending the hearing on disposition, including a psychological evaluation of mother.

The court adjudged the children dependents and ordered them removed from parental custody at the June 21, 2019 contested disposition hearing. The court also authorized the children's return home with provision of family maintenance services conditioned on the parents' completion of certain tasks. Mother was to comply with the court's previous order to submit to a psychological evaluation. Father was to submit to a drug test and, if the result was positive, he was to enroll in a substance abuse program. By July 10, 2019, the parents had satisfied the conditions, and the Department placed the children in their care with continued provision of services.

In anticipation of the section 366.21 six-month status review hearing set for December 2019, the Department reported that the parents did not comply with the service plan after the children were placed in their care. Both mother and father missed tests and had tests that came back positive. They had not completed the Safe Care program. They had refused services to address R.D.'s cognitive and possible neurological delays or to address A.D's behavioral tic. They had not followed through with dental appointments for A.D., who had six cavities in his teeth. The house was in cluttered and dirty condition without a clear pathway between the door and the living room. Even so, the Department recommended maintaining the children in the home because the parents signed an agreement to comply with the service plan.

4

In December, the court, on its own motion, set the section 366.21 review for a contested hearing in 30 days.{CT 807.} It ordered the parents to complete a number of assignments prior to that hearing. They were to (i) enroll A.D. in school, (ii) ensure A.D. received dental care, (iii) arrange for all three children to receive proper medical care, including receiving a medical examination to be evidenced by providing the court with written verification that the children had been seen by a doctor, (iv) cooperate with the children's attorney so he could meet with the children outside of the family home, and (v) submit to hair follicle tests for substances. The Department was to provide copies of its delivery service logs to all counsel.

A week before the January 28, 2020 contested review hearing, the Department reported the parents continued to be convinced that the Department and the court should not be involved with the family. They had made minimal and last-minute efforts to address the tasks ordered by the court.

At the hearing, the court found the parents had made satisfactory progress and ordered the children placed in their care with continuation of services. A family maintenance review hearing pursuant to section 364 was set for June 23, 2020.

Five weeks later, on March 5, 2020, the Department removed the children from the parents' care and filed a supplemental dependency petition pursuant to section 387. It reported that both parents had tested positive for a high concentration of methamphetamine and a cocaine metabolite but refused referrals for treatment, claiming they did not use controlled substances. Mother said the court only ordered her to test, not

5

participate in treatment. Father believed the drug testing laboratory was providing false test results. He agreed to do further testing but did not follow through. The Department also reported that the parents had not enrolled A.D. in school; they had refused to inform the Department of the children's whereabouts for nearly two weeks; and although they finally cooperated in having R.D. assessed, they rejected the assessor's conclusion that the two-year-old was delayed with signs of autism and refused further services for the child. W.D. had two bruises on his forehead. Mother said he had fallen off of the couch, but she had not taken him to be medically evaluated.

On March 10, 2020, the court ordered the children detained with services to be provided pending the hearing on jurisdiction. In April, the children were placed in the care of their maternal grandmother.

In its report prepared in anticipation of disposition hearing on the section 387 petition, the Department recommended denial of reunification services as to all the children because their parents had exceeded the statutory timeline for reunification services. It further recommended denial of reunification services as to A.D. pursuant to subdivision (b)(13) of section 361.5 because it would not be in A.D.'s best interest to provide them.

A hearing on the section 387 petition and a section 364 review of family maintenance services was held on June 22, 2020. The court found the Department had provided reasonable services, but the parents had not made progress. It sustained the 387 petition and ordered the children's removal from the parents' physical custody. It

6

adopted the Department's recommendations with respect to denial of services. A permanent plan of long-term guardianship with relatives was identified as the permanent plan, and a selection hearing pursuant to section 366.26 was set for October 22, 2020.

Mother filed a writ petition challenging the denial of family reunification services. We issued an order to the Department to show cause and it has filed a responsive brief in which it argues the juvenile court's findings were properly made. We will deny the writ.

## DISCUSSION

In her petition, mother acknowledges the statutory time limit for provision of family reunification services but argues there is insufficient evidence to support the court's finding that she exceeded that limit. She also makes an insufficiency of the evidence claim with respect to the court's bypass of services.

We agree with the juvenile court's finding that mother was not entitled to receive further services because the limit for reunification efforts had been exceeded by the time of the disposition hearing on the section 387 petition. In view of that conclusion, we decline to address the issue of whether sufficient evidence supports the juvenile court's additional and superfluous decision to bypass services pursuant to subdivision (b)(13) of section 361.5.

1. The finding that mother had exceeded the statutory time limit applicable to family reunification services

Mother argues that, because she received only 128 days of family reunification services, the evidence is insufficient to support the juvenile court's finding she exceeded

7

the statutory limit for reunification services. She contends the measure of reunification services received must be calculated by counting only the days the children are out of the parent's physical custody and may not take into account any period in which the parent received family maintenance services.

*Standard of review*

Although mother frames her challenge to the court's finding as an issue of sufficiency of the evidence, the question she presents is whether the time the children were in her care and receiving family maintenance services may be counted toward the running of the section 351.5 reunification services clock. Resolution of that issue requires interpretation of the statute and application of that provision to undisputed facts. Accordingly, we employ a de novo standard of review. (*In re T.W.* (2013) 214 Cal.App.4th 1154, 1164 [the effect or legal significance of a set of undisputed facts is a question of law to be reviewed de novo].)

*The time limitations on provision of family reunification services*

Section 361.5 provides in relevant part that, absent exceptions not applicable here, family reunification services must be provided when children are removed from the physical custody of the parent. (§ 361.5, subd. (a).) If reasonable services are provided but do not result in the child's return home within a defined period of time, the parent's interest in the care and custody of the child gives way to the child's interest in having a home with a committed caretaker who will provide permanence and stability for the child. (*In re Celine R.* (2003) 31 Cal.4th 45, 52-53.)

8

The time limit on provision of reunification efforts varies according to the age of the child. If a child is under three years of age when removed from parental custody, services are to be provided for six months from the dispositional hearing, but not longer than 12 months from the date the child entered foster care. (§ 361.5, subd. (a)(1)(B).) If a child is over age three, the period for services is 12 months. (§ 361.5, subd. (a)(1)(A).) If a sibling group is removed at the same time and the group includes children age three and older as well as under age three, then the court may limit services to six months. (§ 361.5, subd. (a)(1)(C).)

Services may be provided for a period not to exceed 18 months after the date of the child's original removal if the court finds the parent has not received reasonable services or if there is a substantial probability the child will be returned to the parent's physical custody within the extended time period. (§ 361.5, subd. (a)(3)(A).)

The time permitted for provision of services is not tolled if a child is returned to parental care with provision of reasonable child welfare services. (§ 361.5, subd. (a)(3)(A); *Carolyn R. v. Superior Court* (1995) 41 Cal.App.4th 159, 165-166 (*Carolyn R.*).) If a child was removed at the disposition hearing on a section 300 petition, is subsequently placed in the parent's physical custody with continued court supervision and provision of services, and then removed again upon a section 387 petition, the period spent in the home is counted as part of the reunification period. (*D.T. v. Superior Court* (2015) 241 Cal.App.4th 1017, 1039 (*D.T.*); *Carolyn R.*, at pp. 166-167.)

9

Here, when the court ordered the children removed from their parents' custody at the June 21, 2019 disposition hearing on the section 300 petition, A.D. was six, R.D. was one, and W.D. was three months of age. W.D. had been in foster care since March 20, 2019. A.D. and R.D. had by then been in foster care since May 20, 2019. Because the sibling group had been removed together and included two children under age three, services were to be provided for six months beginning with the disposition hearing but not to exceed 12 months after the date they entered foster care. (§ 361.5, subd. (a)(1)(B).) The six-month limit on family reunification services was reached on December 21, 2019, and no reunification services were required to be provided beyond March 20, 2020, as to W.D. and May 20, 2020 as to A.D. and R.D. (§ 361.5, subd. (a)(1).) Even so, mother was offered services until the June 22, 2020 disposition hearing on the section 387 petition resulted in the order denying further provision of family reunification efforts, that is well after the maximum permitted time for provision of family reunification services had expired.

Mother argues that the family maintenance services received when the children were in her care from July 10, 2019 to March 5, 2020, may not properly be counted against the time allowed for family reunification services. She is not correct. As noted, *ante*, when a child is removed at the disposition hearing, the reunification clock begins ticking and does not stop if the child is returned home with provision of services. (§ 361.5, subd. (a)(3)(A); *Carolyn R.*, *supra*, 41 Cal.App.4th at pp. 165-166.)

10

The mother cites *In re Joel T.* (1999) 70 Cal.App.4th 263 (*Joel T.*) in an effort to support her claim that maintenance services may not be included when determining the length of services afforded to a parent. Her reliance is misplaced.

In *Joel T.*, the children were adjudged dependents of the court at the disposition of the section 300 petition. (*Joel T.*, *supra*, 70 Cal.App.4th at p. 265.) The juvenile court ordered the children removed from parental custody but nevertheless allowed them to remain at home. (*Ibid.*) Because section 361.5 time-limited reunification services are not provided to a family unless and until the children are physically removed from parental custody, the clock on those services was not running during the time the family was receiving in-home services. (§ 361.5, subd. (a); *Joel T.*, *supra*, 70 Cal.App.4th at p 268.) Therefore, when the court removed Joel and his siblings and placed them out of home at the disposition hearing on the 387 petition, the court was required to order family reunification services unless one of the statutory provisions permitting bypass of services applied. (*Ibid.*)

Unlike the children in *Joel T.*, the children in this case were in protective custody when the juvenile court ordered their removal and the provision of family reunification services at the disposition of the section 300 petition on June 21, 2019. The section 361.5 reunification clock started running on that day, and it did not stop during the period mother had physical custody of them. (§ 361.5, subd. (a), (a)(3)(B).)

2. The denial of services pursuant to subdivision (b)(13) of section 361.5

In addition to finding the parents had exceeded the time limit for provision of reunification services, the court denied services to the parents with respect to A.D. pursuant to subdivisions (b)(13) and (c) of section 361.5.

Section 361.5, subdivision (b)(13), provides for bypass of services if a parent with a history of extensive, abusive, and chronic substance abuse has either (i) resisted treatment within three years before the initial dependency, or (ii) failed to comply on at least two prior occasions with treatment programs described in the case plan even though the programs identified were available and accessible. In relevant part, section 361.5, subdivision (c), requires the court to deny services if a parent comes within subdivision (b)(13) unless it finds by clear and convincing evidence that reunification would be in the child's best interests.

The issue whether family reunification services should be bypassed pursuant to subdivisions (b) and (c) of section 361.5 necessarily arises only if the parent is eligible for those services. (§ 361.5, subds. (a), (b); *D.T.*, *supra*, 241 Cal.App.4th at pp. 1033-1034, 1036.) Here, as discussed *ante*, mother was not eligible because she had exceeded the statutory time limit allowed for reunification efforts. Accordingly, there is no need to address her argument that the juvenile court's bypass decision was not supported by sufficient evidence.

**DISPOSITION**

The writ petition and request for stay are denied.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

FIELDS
J.

13