Filed 8/25/22 A.R. v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| A.R., Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY, Respondent; KERN COUNTY DEPARTMENT OF HUMAN SERVICES, Real Party in Interest. | F084426 (Super. Ct. No. JD141401-00) **OPINION** |

---

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ. Christie Canales Norris, Judge.

A.R., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Detjen, J. and DeSantos, J.

A.R. (mother), in propria persona, seeks an extraordinary writ (Cal. Rules of Court, rule 8.452)[1] from the juvenile court's orders issued at the May 24, 2022, combined jurisdiction and disposition hearing on a supplemental petition (Welf. & Inst. Code, § 387)[2] terminating family reunification services, and setting a section 366.26 hearing as to her now six-year-old daughter, M.M. Mother contends there was sufficient evidence of her progress to warrant continuing reunification efforts. We deny the petition.

## PROCEDURAL AND FACTUAL SUMMARY

Four-year-old M.M. was removed from mother's custody in September 2020 by the Kern County Department of Human Services (department) and placed in foster care because of mother's methamphetamine use and untreated mental illness. Social workers went to mother's home to investigate a report she was neglecting M.M. Mother said there were ghosts and demons in her home. She admitted using methamphetamine the week before but refused to spot test. She had a substance abuse history dating back to 2013. More recently, she pled guilty to possession of a controlled substance in February 2020.

The juvenile court exercised its dependency jurisdiction over M.M. in December 2020, removed her from parental custody and ordered mother and G.M., M.M.'s presumed father (father), to participate in parenting and child neglect counseling, and submit to random drug testing. Mother was further ordered to participate in substance abuse counseling and complete a mental health assessment.

The parents enrolled in the services ordered and regularly visited M.M. However, the department was concerned about their ability to safely parent her because they did not regularly participate in drug testing, and both tested positive for drugs in April 2021. In

---

[1]    Rule references are to the California Rules of Court.

[2]    Statutory references are to the Welfare and Institutions Code.

2.

addition, they did not have suitable housing and had a domestic violence incident in March 2021.

The juvenile court continued reunification services at the six-month review hearing in June 2021 and scheduled the 12-month review hearing for November 9, 2021. The court modified father's case plan to include substance abuse counseling.

In August 2021, mother filed a modification petition under section 388 (section 388 petition) requesting family maintenance services. As changed circumstances, she alleged that she completed substance abuse counseling in June 2021 and a 12-week parenting class in July 2021 and had a new residence. Family maintenance would serve M.M.'s best interest, mother asserted, by allowing M.M. to resume a normal life and maintain her emotional bond with mother. A hearing on the section 388 petition was set and continued to October 4, 2021.

On October 4, 2021, the juvenile court granted the section 388 petition, vacated the 12-month review hearing, and set a family maintenance review hearing for April 4, 2022. The parents were ordered to submit to random drug tests.

In late February 2022, mother reported that she relapsed and was under a lot of stress. Father also admitted relapsing. Over the next several weeks, the social worker tried to assist the parents and offered them residential treatment. During that time, they tested positive for methamphetamine.

On March 29, 2022, the department took M.M. into protective custody and filed a supplemental petition under section 387, alleging family maintenance had proven ineffective as the parents continued to use methamphetamine and mother was not participating in mental health treatment.

The juvenile court detained M.M. pursuant to the supplemental petition, vacated the family maintenance review hearing and set a combined hearing on jurisdiction and disposition (combined hearing) for May 24, 2022. The department recommended the court terminate reunification services.

Mother appeared at the combined hearing on May 24, 2022. Father did not appear. Counsel submitted the matter for the juvenile court's decision and mother waived her right to a contested hearing. The court admitted into evidence mother's progress report as well as a letter from mother's mental health assessment stating she did not qualify for mental health services. Mother's attorney made an offer of proof that mother was receiving inpatient treatment at Bakersfield Recovery Services Capistrano Community for Women, which included substance abuse, domestic violence, and parenting classes, and had an "out date" of June 27. Afterward, she planned to enter a sober living home. Mother believed M.M. would be able to live with her at the inpatient facility as well as at the sober living home. Mother attributed her relapse to being around negative influences, including father, in her prior living environment. She separated from father and had no intention of resuming a relationship with him. She would also testify that she was taking her program seriously. The offer of proof was accepted.

Mother's attorney pointed out that, although mother's mental health was a concern, she completed a mental health assessment and did not require treatment. Other than that, she complied with her case plan. Mother requested family maintenance or continued family reunification services.

The juvenile court commended mother on her participation in her case plan but found it would be detrimental to return M.M. to her custody given her extensive history of substance abuse and lack of evidence she could maintain sobriety in an uncontrolled environment. The court further found that mother had exceeded the statutory 18-month limitation on reunification services, which lapsed on March 24, 2022.

The juvenile court sustained the supplemental petition, ordered M.M. removed from parental custody, terminated family reunification services, and set a section 366.26 hearing for September 21, 2022.

## DISCUSSION

Mother contends the juvenile court erred in terminating her reunification services, given evidence of her progress presented at the hearing on May 24, 2022. She informs this court that she has nearly completed her treatment at Bakersfield Recovery Services Capistrano Community for Women, after which she plans to transition to a sober living environment where M.M. can also reside. We disagree the court erred in terminating reunification efforts.

**Substantial Evidence Supported the Juvenile Court's Orders Terminating Reunification Services and Setting a Section 366.26 Hearing**

*Section 387*

The juvenile court's rulings on May 24, 2022, with regard to the supplemental petition were guided by section 387. "A section 387 supplemental petition is used to change the placement of a dependent child from the physical custody of a parent to a more restrictive level of court-ordered care. [Citations.] In the jurisdictional phase of a section 387 proceeding, the court determines whether the factual allegations of the supplemental petition are true and whether the previous disposition has been ineffective in protecting the child. [Citations.] If the court finds the allegations are true, it conducts a dispositional hearing to determine whether removing custody is appropriate. [Citations.] A section 387 petition need not allege any new jurisdictional facts, or urge different or additional grounds for dependency because a basis for juvenile court jurisdiction already exists. [Citations.] The only fact necessary to modify a previous placement is that the previous disposition has not been effective in protecting the child." (*In re T.W.* (2013) 214 Cal.App.4th 1154, 1161, fn. omitted; see § 387; rule 5.565.)

"When a section 387 petition seeks to remove a minor from parental custody, the court applies the procedures and protections of section 361. [Citation.] Before a minor can be removed from the parent's custody, the court must find, by clear and convincing evidence, '[t]here is or would be a substantial danger to the physical health, safety,

5.

protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's … physical custody.' [(§ 361, subd. (c)(1)]." (*In re T.W.*, *supra*, 214 Cal.App.4th at p. 1163.) "If a dependent child was returned to the custody of a parent … at the 12-month review … and a 387 petition is sustained and the child [is] removed once again, [as in this case,] the court must set a hearing under section 366.26 unless the court finds there is a substantial probability of return within the next 6 months or, if more than 12 months had expired at the time of the prior return, within whatever time remains before the expiration of the maximum 18-month period." (Rule 5.565(f).)

When, as here, " 'a juvenile court sustains a supplemental petition pursuant to section 387, the case does not return to " 'square one' " with regard to reunification efforts. [Citations.] Instead, the question becomes whether reunification efforts should resume. The answer is yes if: the parent has received less than 12 months of child welfare services (§§ 361.5, subd. (a), 366.21, subd. (e)); the parent did not receive reasonable child welfare services (§§ 366.21, subd. (g)(1), 366.22, subd. (a)); or the case has passed the 12-month mark but there is a substantial probability the child will be returned within 18 months of the date the child was originally removed from the parent's physical custody (§ 366.21, subd. (g)(1)).' (*Carolyn R. v. Superior Court* (1995) 41 Cal.App.4th 159, 166, fns. omitted.)" (*In re N.M.* (2003) 108 Cal.App.4th 845, 853 (*N.M.*).)

"[D]espite the 'maximum' 18-month limitation set forth in section 361.5, subdivision (a), courts have held that a juvenile court may, in rare instances, continue reunification services beyond 18 months. The court must determine that the best interests of the child warrant the continuation, despite the recognized need for a prompt resolution of his or her custody status." (*N.M.*, *supra*, 108 Cal.App.4th at p. 852.)

6.

We review the juvenile court's findings on the section 387 supplemental petition for substantial evidence. (*In re D.D.* (2019) 32 Cal.App.5th 985, 990.) "A juvenile court's dispositional orders, including those respecting reunification services, are subject to that court's broad discretion. To reverse such an order, a reviewing court must find a clear abuse of discretion." (*N.M.*, *supra*, 108 Cal.App.4th at p. 852.)

*Application*

By the May 24, 2022 hearing, mother had received approximately 20 months of reunification services, which the juvenile court found were reasonable, and mother does not argue otherwise. Consequently, she exceeded the 18-month limitation on services and the juvenile court was without authority to continue services unless it found doing so served M.M.'s best interest.

Here, the juvenile court did not expressly find that continuing reunification services would not serve M.M.'s best interest. Nor was the court required to make the finding since mother's attorney did not raise the issue. Nevertheless, mother's longstanding methamphetamine abuse, recent relapse, and inability to demonstrate sustained sobriety outside the structure of a treatment facility support a reasonable inference that her circumstances were unlikely to change in the near future and that M.M.'s interest in safety and stability would be best served by proceeding to selection of a permanent plan.

Thus, we conclude substantial evidence supports the juvenile court's order terminating mother's reunification services and setting a section 366.26 hearing.

**DISPOSITION**

The petition for extraordinary writ is denied. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).